Michael STRAND, Plaintiff
and Appellant,

v.

The ASSOCIATED STUDENTS OF the
UNIVERSITY OF UTAH dba the Daily
Utah Chronicle et al., Defendants and
Respondents.

William C. BRUHN, Plaintiff
and Appellant,

v.

The ASSOCIATED STUDENTS OF the
UNIVERSITY OF UTAH dba the Daily
Utah Chronicle et al., Defendants and
Respondents.

Nos. 14566, 14567.

Supreme Court of Utah.

March 3, 1977.

Richard J. Leedy, Salt Lake City, for
plaintiff and appellant.

Merlin R. Lybbert and Scott Daniels of Worsley, Snow & Christensen, Vernon B. Romney, Atty. Gen., Henry S. Nygaard, Sp. Asst. Atty. Gen., Salt Lake City, for defendants and respondents.

MAUGHAN, Justice:

Before us are appeals in two matters; which, for purposes of appeal, are of identical legal structure. This opinion determines each appeal.

The appeals are taken from judgments granting defendant's motion to dismiss plaintiff's complaints. Such actions of the court were, in reality, summary judgments in defendant's favor; and we so deal with them here. The opinion is framed in the singular, for convenience.

We reverse, and remand; with instructions to reinstate the complaints, require answers, and allow plaintiffs to proceed with their discovery.

The action was brought to recover damages for two allegedly libelous articles published by the Daily Utah Chronicle. Plaintiff alleged defendant, Andrew Welch, the author of the libelous articles, was an employee and agent of defendant, Associated Students of the University of Utah (an unincorporated association) dba The Daily Utah Chronicle.

The complaint was filed February 13, 1976. Defendants filed a motion to dismiss on March 9, 1976, pursuant to Rule 12(b), U.R.C.P. Therein defendants asserted: (1) The court lacked jurisdiction over the subject matter; (2) the complaint failed to state a claim upon which relief could be granted; and (3) the defendants were immune from suit under the Utah Governmental Immunity Act, Chapter 30, Title 63, U.C.A.1953, as enacted 1965. Contemporaneously, with the motion to dismiss, defendants filed a notice of hearing for March 26, 1976.

On March 22, 1976, defendants filed the affidavit of Rex Nutting, editor of the Daily Utah Chronicle. Nutting asserted he was familiar with the structure, purpose, and funding of the newspaper. He stated it was distributed without charge to every student at the university; it operated at a loss; and this loss was compensated for by appropriations from the Publications Council at the university and the Associated Students of the University of Utah. According to Nutting, the source of the funds of the Associated Students was from mandatory deductions from the tuition of each student at the university. In addition, the newspaper received office space, tuition waivers, and miscellaneous clerical and management services from the Associated Students.

Nutting further stated the Publications Council owned the equipment used by the newspaper. Further, the Publications Council appointed the editors and business managers of the paper, approved its budget and reviewed expenditures, and insured acceptable business and editorial practices. The Publications Council determined the terms of contract of the paper, approved all advertising policies concerning rates, discounts, and commissions. In addition it made budget requests to the Associated Students for funds to support the paper. It also had the authority to consult with the editorial staff concerning controversial issues, and to remove editors and business managers. The affiant finally declared each copy of the paper carried a notice that it is published by the Publications Council.

On March 25, 1976, plaintiff's counsel filed an affidavit, wherein, he stated he was the attorney for plaintiff, and continued:

With respect to defendants' motion regarding sovereign immunity and their motion to dismiss upon failure to state a claim and upon their affidavit regarding structure of the Utah Daily Chronicle, the undersigned requests additional time within which to pursue discovery to determine the proper party and parties to be included.

With respect to the recent affidavit of Rex Nutting filed in this action the undersigned is unable to respond because of lack of discovery except to point out an article contained in the Daily Utah Chronicle which would indicate that as of

a certain date which was after the alleged libel in this action, the Publications Council of the University of Utah did assume certain responsibilities to the Daily Utah Chronicle. Attached hereto is that article.

The attached article was dated March 3, 1976. An explanatory note therein, of the President of the University, stated the space was purchased from the paper. The President set forth a report regarding student publications, stating:

The identity of the publisher of the Daily Utah Chronicle and other student-funded publications is not clear.

■ As a result of the hearing held March 26, 1976, the trial court issued an order March 30, 1976, granting the motion to dismiss the Associated Students of the University of Utah. The order recited it was based on the pleadings, the affidavits on file, and arguments of counsel. Therefore, the order granting the motion to dismiss was, in fact, a summary judgment.[1]

On appeal, respondent urges the ruling was a summary judgment, which should be sustained. Respondent claims there was no disputed issue of a material fact, because there were no opposing affidavits in compliance with Rule 56(e). Thus, the affidavit of Rex Nutting established Associated Students was not the publisher of the newspaper, the association was an instrumentality of the government, and entitled to governmental immunity.

Plaintiff's appeal is predicated on the procedural errors of the trial court.

Rule 12(b), U.R.C.P., provides:

. . . If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and *all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.*

■ Under Rule 12(b), if a motion to dismiss under Rule 12(b)(6) is presented, the decision to consider matters outside the pleadings initially lies in the discretion of the trial court.[2] Once the determination is made to consider the materials, the mandatory provision of Rule 12(b) controls, viz., all parties must be given adequate notice and opportunity to submit supporting materials, particularly the party against whom summary judgment is entered.[3]

■ It is error to consider a motion to dismiss as a motion for summary judgment, without giving the adverse party an opportunity to present pertinent material.[4] The action of the trial court in denying the plaintiff the reasonable opportunity to present controverting material violated the mandate of the rule.

■ There is another aspect which merits consideration. The affidavit of plaintiff's counsel was in conformity with Rule 56(f), U.R.C.P.[5]

An affidavit under Rule 56(f) must be distinguished from the evidentiary affidavits of Rule 56(e). Rule 56(f) authorized the party opposing summary judgment, to set forth reasons why he is presently unable

1. "But since labels do not control, where the trial court, in effect, properly treats such a Rule 12(b)(6) motion as one for summary judgment but erroneously characterized its action as a ruling on a motion to dismiss for failure to state a claim, the ruling will be reviewed as if it had been a ruling on a motion for summary judgment." 6 Moore's Federal Practice (2d Ed.) § 56.02[3], p. 56–33.

2. 6, Part 2, Moore's Federal Practice (2d Ed.) § 56.15[6], p. 56–615.

3. Id. § 56.24, p. 56–1441.

4. *Adams v. Campbell County School District* (C.A. 10th 1973) 483 F.2d 1351.

5. Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition; the court may refuse the application for judgment, or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

to present evidentiary affidavits essential to justify his opposition. It also authorizes the court, upon adequate reason, to take action appropriate to the circumstances of the case.[6]

. . . Where, however, the party opposing summary judgment timely presents his affidavit under Rule 56(f) stating reasons why he is presently unable to proffer evidentiary affidavits he directly and forthrightly invokes the trial court's discretion. Unless dilatory or lacking in merit, the motion should be liberally treated. Exercising a sound discretion the trial court then determines whether the stated reasons are adequate. . . .[7]

The record shows the affidavit of Nutting to have been filed four days prior to the hearing. The matters recited therein concerned knowledge in the possession and control of defendant; there had not been sufficient time since the inception of the law suit for plaintiff to utilize discovery procedures, and thereby have an opportunity to cross-examine the moving party. The pleadings had not been closed, and there were complex legal issues posed, with an inadequate factual basis.

Under such circumstances, it was an abuse of discretion to grant defendant's motion. The court should have ordered a continuance to permit discovery, or denied the motion for summary judgment, without prejudice to its renewal, after adequate time had elapsed in which plaintiff could have obtained the desired information.[8]

The language of *Toebelman v. Missouri-Kansas Pipe Line Co.*[9] is particularly applicable to the instant case.

. . . The case must, therefore, go back for further proceedings as to this cause of action in order to afford the plaintiffs an opportunity to produce evidence of the facts necessary to support the relief for which they ask. It is obvious that this evidence must come largely from the defendants. This case illustrates the danger of founding a judgment in favor of one party upon his own version of facts within his sole knowledge as set forth in affidavits prepared ex parte. Cross-examination of the party and a reasonable examination of his records by the other party frequently bring forth further facts which place a very different light upon the picture. The plaintiffs should, therefore, be given a reasonable opportunity, under proper safeguards, to take the depositions and have the discovery which they seek. . . .[10]

ELLETT, C. J., WILKINS, and HALL, JJ., and J. DUFFY PALMER, District Judge, concur.

CROCKETT, J., having disqualified himself, does not participate herein.

---

**6.** 6, Part 2, Moore's Federal Practice (2d Ed.) § 56.24, p. 56–1421.

**7.** Id. pp. 56–1424 to 15–1426.

**8.** Id. p. 56–1433.

**9.** C.A. 3rd 1942, 130 F.2d 1016, 1022.

**10.** Also see *Philco Corporation v. Radio Corporation of America*, U.S.D.C.E.D.Penn.1964, 34 F.R.D. 453; *Schoenbaum v. Firstbrook*, C.A. 2d 1968, 405 F.2d 215; *Alghanim v. Boeing Company*, C.A. 9th 1973, 477 F.2d 143; *Littlejohn v. Shell Oil Company*, C.A. 5th 1973, 483 F.2d 1140.