Ronnie COX, Brent Cox, Larry Cox, Dennis Cox, Kevin Cox, Reid Cox, Lee Cox, Mike Cox and Owen Braithwaite, Plaintiffs and Appellants,

v.

Donald W. WINTERS and William A. Stehl, Defendants and Respondents.

No. 18690.

Supreme Court of Utah.

Feb. 9, 1984.

Dale M. Dorius, Brigham City, for plaintiffs and appellants.

Donald W. Winters, pro se.

William A. Stehl, pro se.

HALL, Chief Justice:

Plaintiffs appeal an adverse summary judgment in this action brought to collect sums due on certain delinquent promissory notes or, in the alternative, to recover damages resulting from alleged false representations (fraud).

On or about the 11th of August, 1981, defendant Donald W. Winters met with several of the plaintiffs to discuss an investment opportunity involving the purchase and resale of uncut diamonds and gold. Winters, an attorney, explained that he was acting in behalf of a client, Mr. William A. Stehl, who was the principal in the proposed investment venture. He further informed plaintiffs that he held a power of attorney from Mr. Stehl.

An agreement was reached between the plaintiffs and Winters resulting in a cumulative investment of several thousand dollars. Each plaintiff was given a promissory note, payable upon demand, reflecting the amount of his respective investment.

By the terms of said notes, plaintiffs were to receive from William A. Stehl a monthly return on their investment of 40 percent. The notes were signed by defendant Winters and one Kirby Glad (not a party herein) as attorneys-in-fact for defendant Stehl.

Subsequently, demand for payment was made by plaintiffs upon their respective notes. When defendants failed to honor the demand, plaintiffs filed the present lawsuit. Although Winters and Stehl were both included as defendants in the complaint, only Winters was served with process. Thus, Winters, acting for himself alone, filed a response in the form of a motion to dismiss for failure to state a cause of action. On May 12, 1982, the court ruled that unless plaintiffs amended their complaint within 14 days to more specifically aver fraud as required by Rule 9(b), Utah Rules of Civil Procedure, Winters' motion would be granted.

Some two days prior to the entry of the foregoing order (May 10, 1982), plaintiffs had mailed a set of interrogatories and requests for admissions to defendant wherein they had sought to discover, *inter alia*, specific facts relative to the loss of their investments and to the extent of defendant Winters' involvement and pecuniary interest in the investment venture. The record does not contain any indication that Winters ever complied with the request for discovery.

Plaintiffs filed an amended complaint on May 18, 1982, setting forth three causes of action. Only the first and second causes were directed against Winters, the third being directed solely against Stehl. The first cause alleged that Winters acted in concert with Stehl in defrauding plaintiffs, and the second cause alleged, in the alternative, that Winters acted alone to defraud plaintiffs. Again, Winters responded with a motion to dismiss, which, by approval of the parties, was considered by the court as a motion for summary judgment.

Accompanying Winters' motion for summary judgment was a copy of the written power of attorney from Stehl, together with an affidavit from Stehl confirming certain representations made by Winters as to his (Winters') involvement in the transaction. In addition, defendant filed a memorandum setting forth the law relative to agency relationships.

In opposition to defendant's motion, plaintiffs simply filed an objection with no accompanying counter-affidavits. They later, however, submitted a supplemental objection wherein they requested, pursuant to Rule 56(f), Utah R.Civ.P.,[1] an opportunity to make further discovery in order to obtain the facts necessary to refute the allegations contained in Stehl's affidavit. Said objection was supported by an affidavit of plaintiffs' counsel claiming the need for discovery.

On July 29, 1982, the trial court granted Winters' motion for summary judgment. This appeal ensued.

The single issue before us in this case is whether the trial court erred in denying plaintiffs the opportunity to conduct further discovery, pursuant to Rule 56(f), prior to the entry of summary judgment.

In recent years, this Court has addressed the present question on several occasions and under somewhat similar circumstances. In the case of *Strand v. Associated Students of University of Utah*,[2] the Court made the following observation with regard to the application of Rule 56(f):

Where, however, the party opposing summary judgment timely presents his affidavit under Rule 56(f) stating reasons why he is presently unable to proffer evidentiary affidavits he directly and forthrightly invokes the trial court's discretion. Unless dilatory or lacking in

---

1. Rule 56(f) provides:
   When Affidavits are Unavailable. Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the appli-

cation for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

2. Utah, 561 P.2d 191 (1977).

merit, the motion should be liberally treated. Exercising a sound discretion the trial court then determines whether the stated reasons are adequate.[3]

The circumstances of the *Strand* case were that the party moving for summary judgment had not produced its supporting affidavits until four days prior to the scheduled hearing on the motion, and the facts sought through discovery were in the possession and control of the same moving party. In view of those circumstances, the Court reversed the order for summary judgment, reasoning as follows:

[T]here had not been sufficient time since the inception of the lawsuit for plaintiff to utilize discovery procedures, and thereby have an opportunity to cross-examine the moving party.[4]

A similar result was reached in the case of *Auerbach's, Inc. v. Kimball.*[5] There, as in the instant case, the party opposing the motion for summary judgment had initiated discovery proceedings prior to the filing of said motion and had apparently never received any response. Accordingly, less than a week before the scheduled hearing on the motion, the party seeking discovery had filed a motion to strike on the ground that discovery had not been completed. The motion to strike was denied, and the motion for summary judgment was subsequently granted. On review, this Court reversed, resting its decision upon the rule articulated in *Strand, supra,* and the following reasoning:

The granting of the motion for summary judgment was premature, because Kimball's discovery was not then complete. It was the information sought in the proceedings for discovery, which Kimball claimed would infuse the issues with facts sufficient to defeat a motion for summary judgment, and sustain his counter-claim. Whether such would be the case can not [sic] now be determined,

because such facts, if they exist, were not allowed to be discovered.[6]

Defendant Winters attempts to distinguish the foregoing cases from the case at hand. As to the *Strand* decision, he points out that the party opposing the summary judgment motion there did not have sufficient time to utilize discovery proceedings because the affidavits supporting the motion were filed only four days prior to the scheduled hearing date; while in the instant case, the affidavits of the moving party (defendant) were produced at the time the motion was filed with the court and served on the plaintiffs. Furthermore, defendant maintains that in *Strand* the facts sought through discovery for the purpose of refuting the movant's affidavits were specific and definable and were in the control of the movant; while the facts sought presently by the plaintiffs are indefinitive and speculative.

In view of the distinctions drawn by defendant between *Strand* and the instant case, it is apparent that he seeks a very narrow application of the holding in *Strand, supra.* Stated otherwise, he seeks to limit the scope of Rule 56(f), specifically the provision that "he [party opposing the motion] cannot *for reasons stated* present by affidavit facts essential to justify his opposition," (emphasis added) to cases involving the circumstances specified in *Strand.* We do not agree that the scope of the subject rule or our decision in *Strand* should be interpreted and applied so narrowly.

While the sufficiency of time to utilize discovery proceedings prior to the hearing on summary judgment is an important and appropriate factor to consider under Rule 56(f), it is no more so than the fact, existing in the instant case, that discovery proceedings were timely initiated, but never afforded an appropriate response. The record shows clearly that plaintiffs initiated discovery to gather facts relative to the

**3.** *Id.* at 194 (quoting 6, Part 2, Moore's Federal Practice (2d ed.) § 56.24, pp. 56–1424 to 15–1426).

**4.** *Id.* at 194.

**5.** Utah, 572 P.2d 376 (1977).

**6.** *Id.* at 377.

statements made in Stehl's affidavit, but were never answered by defendant as required under the rules of discovery.[7] Just as the party in *Strand* was effectively precluded from utilizing discovery procedures (and thereby cross-examining the movant) due to the insufficiency of time (four days), the plaintiffs here were likewise precluded by reason of defendant's failure to respond to discovery.

As to the remaining distinctions specified by defendant, to wit: the definitive nature of the facts sought through discovery and the possession and control thereof, we find such distinctions likewise lacking in merit. The affidavit submitted by plaintiffs' counsel pursuant to Rule 56(f) states with sufficient clarity that the reason discovery must proceed is to enable plaintiffs to obtain facts bearing upon the alleged fraud, specifically, the nature and extent of the relationship and dealings between Winters and Stehl. We find no greater specificity propounded in the comparable affidavit filed in *Strand*. Furthermore, the fact that the discovery which plaintiffs sought to complete through their Rule 56(f) motion, consisting of interrogatories and requests for admission, was all directed to Winters indicates that he is believed to be in control of the needed facts. Thus, the matter of possession and control of the facts, whether a crucial factor or not, is no different here than it was in *Strand*.

Likewise lacking in merit are the distinctions drawn by defendant between *Auerbach's*, *supra*, and the instant case. He suggests that the prominent differences in *Auerbach's* are: (1) discovery had already begun prior to the motion for summary judgment; and (2) the motion for summary judgment dealt with the very issues which were being treated in the discovery. He further argues that plaintiffs misstate the holding in *Auerbach's* in that they claim it applies where a party has been unable to undertake discovery, when in reality it ap-

plies only where a party is in the midst of discovery when a summary judgment motion is filed.

Contrary to defendant's assertions, the record in the instant case shows that at the time defendant's motion for summary judgment was filed, plaintiffs were in the midst of discovery. Defendant's motion was filed on June 9, 1982, while plaintiffs' interrogatories and requests for admission were submitted nearly a month prior, i.e., they were mailed to defendant on May 10, 1982, and filed with the court on May 13, 1982. The record also reveals, as to the content of said motion and accompanying affidavits, that such issues as the relationship between Winters and Stehl and the extent of Winters' involvement in the transaction, the very issues dealt with in plaintiffs' discovery, are treated. *Auerbach's* is therefore on point here and is dispositive.

The pronouncements of federal courts applying the equivalent federal rule (Rule 56(f) F.R.C.P.) in the context of the present issue are particularly apt. Of the cases examined by this Court, those that have held the need for discovery to be an inadequate reason for being unable to present evidentiary affidavits in opposition to the motion for summary judgment (pursuant to Rule 56(f)) have done so either on the basis of the party's (Rule 56(f) movant) failure to timely utilize available discovery proceedings[8] or in order to thwart an attempted "fishing expedition" for purely speculative facts after substantial discovery has been conducted without producing any significant evidence.[9]

In the instant case, plaintiffs "reason" under Rule 56(f) does not suffer either of the aforementioned deficiencies. Their present need to proceed with discovery is the result of defendant's failure to respond to their timely presentation of discovery questions.

---

**7.** *See* Utah Rules of Civil Procedure, Rule 33 and Rule 36.

**8.** *Atlantic States Const. Co. v. Robert E. Lee & Co. Inc. of S.C.*, 406 F.2d 827, 829 (4th Cir.1969);

*United States v. Donlon*, 355 F.Supp. 220, 225 (D.Del.1973).

**9.** *First Nat. Bank v. Cities Service*, 391 U.S. 253, 298, 88 S.Ct. 1575, 1597, 20 L.Ed.2d 569 (1968).

Federal cases that have recognized the need for discovery to be a valid "reason" under the subject rule have done so upon essentially the same basis articulated in *Strand* and *Auerbach's*. An appropriate and dispositive illustration is found in the case of *Waldron v. British Petroleum Co.*[10] There, as here, the party opposing summary judgment filed an affidavit pursuant to Rule 56(f), seeking further discovery in order to "flush out evidence"[11] to support his claim. The court held that Rule 56(f) motions should be granted liberally and that inasmuch as an adequate opportunity for discovery had not been provided, the motion for summary judgment should be adjourned pending the completion of such discovery.[12]

We consider the language of this Court in *Strand* to be an appropriate expression of our disposition of this case:

> Under such circumstances, it was an abuse of discretion to grant defendant's motion. The court should have ordered a continuance to permit discovery, or denied the motion for summary judgment, without prejudice to its renewal, after adequate time had elapsed in which plaintiff could have obtained the desired information.[13]

Accordingly, we reverse the summary judgment order and remand for the purpose of allowing plaintiffs to carry their already-begun discovery proceedings to completion. Costs to plaintiffs.

STEWART, HOWE, OAKS and DURHAM, JJ., concur.

---

10. 231 F.Supp. 72 (S.D.N.Y.1964).

11. *Id.* at 94.

12. *Id.*

13. *Supra* n. 2, at 194.