2002 UT 39

**SALT LAKE COUNTY, a body corporate and politic of the State of Utah, Plaintiff and Appellant,**

v.

**WESTERN DAIRYMEN COOPERATIVE, INC.; Consolidated Realty Group; William K. Martin, Jr.; Herman L. Franks; and Charles L. Davis, Defendants and Appellees.**

No. 20000503.

Supreme Court of Utah.

April 19, 2002.

Craig W. Anderson, Patrick F. Holden, Jay Stone, Salt Lake City, for Salt Lake County.

Robert L. Stolebarger, Salt Lake City, for Western Dairymen Cooperative.

Mark J. Williams, Salt Lake City, for Consolidated Realty defendants.

DURRANT, Justice:

¶ 1 This appeal concerns the duties Consolidated Realty Group ("CRG") owed to Salt Lake County, the purchaser of a five-acre parcel of real property marketed by CRG. The County sued CRG after it discovered remnants of several demolished buildings beneath the surface of a lot it had purchased, alleging that an agreement signed by CRG imposed a contractual duty to disclose latent subsurface conditions affecting the property. CRG averred that the County's claims were tort actions barred by the four-year statute of limitations period established in section 78–12–25(3) of the Utah Code and that it had an obligation to inform the County only of latent defects of which it had knowledge.

¶ 2 Faced with these conflicting assertions, the district court first denied a rule 56(f) motion for a continuance brought by the County and then granted CRG's motion for summary judgment. The court reasoned that (1) the County had been allotted sufficient time to conduct discovery, (2) the agreement signed by the parties did not constitute a contract, (3) the County's two causes of action were tort claims barred by the statute of limitations, and (4) Utah case law only required CRG to disclose defects of which it was aware. We reverse. The County's two causes of action against CRG were not tort actions as the district court held; rather, they were viable contract claims that fell within the six-year statute of limitations period applicable to such claims. Moreover, given that the County's causes of action were not time barred, the district court exceeded its discretion in denying the County's rule 56(f) motion for a continuance. By so doing, the court prematurely ended discovery and deprived the County of an adequate opportunity to establish a genuine issue of material fact.

## BACKGROUND

¶ 3 "Before we recite the facts, we note that in reviewing a grant of summary judgment, we view the facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party." *Higgins v. Salt Lake County*, 855 P.2d 231, 233 (Utah 1993). We state the facts accordingly.

¶ 4 Western Dairymen Cooperative Incorporated ("WDCI") owned 5.06 acres of real property, which housed several buildings, parking areas, and underground storage tanks, in Murray, Utah. WDCI used this property to operate a milk processing plant until July 1986. Approximately six years after closing this plant, WDCI "partially demolished" its buildings on the property and covered the remaining concrete footings, slabs, rebar, and other debris with gravel and dirt. WDCI then retained CRG as its real estate agent and attempted to sell the five-acre parcel.

¶ 5 In June 1993, the County began searching for a site to construct a new Health Department building. The County considered several locations but eventually decided WDCI's property was the best available option. Accordingly, the County initiated negotiations with CRG for the purchase of WDCI's property and entered into a real estate purchase contract on December 24, 1993.

¶ 6 As part of this contract, the County, WDCI, and CRG signed a document entitled "Agency Disclosure." This agreement acknowledged that, with respect to the pending real estate purchase, CRG represented both the buyer (i.e., the County) and the seller (i.e., WDCI).[1] Further, it declared that CRG had assumed the following affirmative obligations to both the County and WDCI:

> (a) A fiduciary duty of utmost care, integrity, honesty, and loyalty in dealings with the Seller and the Buyer; (b) Other duties to Seller and the Buyer as stated above in their respective sections. In representing both Seller and Buyer, the agent may not, without the express permission of the respective party, disclose to the other party that the Seller will accept a price less than the listing price or that the Buyer will pay a price greater than the price offered. .

¶ 7 Despite these described duties, CRG never informed the County that concrete footings, slabs, rebar, and other demolition debris existed below the surface of WDCI's property. WDCI also failed to disclose these latent subsurface conditions. The real estate purchase thus closed on April 25, 1994, without the County ever learning of the latent subsurface debris.

¶ 8 In June 1997, the County started construction on its planned building and attempted to grade the property it had purchased from WDCI.[2] While grading this site, however, the County encountered the concrete footings, vaults, slabs, and rebar that WDCI had covered with gravel and dirt. As a result of this discovery, further construction on the County's new building ceased until all of the subsurface debris could be exposed, broken up, and hauled away. An extensive cleanup effort followed, and the County incurred removal and delay costs of $444,000.

¶ 9 On June 26, 1998, the County filed a complaint against CRG, alleging that it had breached (1) its duty of reasonable care as well as (2) its duty to disclose material information.[3] Although it did not explicitly label these causes of action as contract claims in its complaint, the County later asserted that both of its claims against CRG were contract actions arising out of duties established in the Agency Disclosure, which had an applicable statute of limitations period of six years. Utah Code Ann. § 78–12–23(2) (1998). In response, CRG filed a motion to dismiss pursuant to rule 12(b)(6) of the Utah Rules of Civil Procedure on August 28, 1998. In this motion, CRG claimed that the County's causes of action were tort claims barred by the four-year statute of limitations period set forth in subsection 78–12–25(3) of the Utah Code. Utah Code Ann. § 78–12–25(3) (1998). Alternatively, it asserted that Utah case law required CRG to disclose only latent defects of which it was aware. Because it was accompanied by three affidavits and a memorandum of points and authorities, CRG's motion also qualified as a motion for summary judgment pursuant to rule 56 of the Utah Rules of Civil Procedure.

¶ 10 On September 21, 1998, the County filed a memorandum in opposition to CRG's motion to dismiss along with two supporting affidavits. In addition, the County simultaneously filed a rule 56(f) motion for a continuance, which was likewise supported by an affidavit. This latter motion requested additional time to conduct discovery on the issues raised in CRG's motion to dismiss/motion for summary judgment.

¶ 11 Thereafter, the County propounded both interrogatories and requests for document production to CRG on October 20, 1998, and November 20, 1998. CRG responded to these requests on January 11, 1999.

¶ 12 On February 19, 1999, the district court held a hearing on CRG's motion to dismiss/motion for summary judgment together with the County's rule 56(f) motion

---

1. Charles Davis represented the County as the buyer in the transaction. Herman Franks represented WDCI as the seller in the transaction. Further, both Davis and Franks acted as agents for Consolidated Realty Group's principal broker, William Martin. We use the term "CRG" to refer to all three individuals mentioned in this paragraph as well as the corporation itself.

2. The County sold approximately two acres of the property to the Utah Association of Counties before beginning construction on its new building.

3. The County also sued WDCI. That lawsuit is still pending before the district court.

for a continuance. In a memorandum decision on March 10, 1999, the court denied the County's request for a continuance and granted CRG's motion for summary judgment. The court then issued an order on May 10, 1999, dismissing the County's action against CRG with prejudice. This order declared that the County's causes of action were "barred by the applicable statute of limitations" and that CRG had no duty under Utah law "to disclose latent defects in the absence of any knowledge of [such] defects."

¶ 13 On May 18, 1999, the County filed a motion to alter or amend the district court's judgment in favor of CRG or for a new trial pursuant to rules 52 and 59 of the Utah Rules of Civil Procedure. The district court denied this motion on May 8, 2000, reasoning as follows: (1) the Agency Disclosure did not constitute a contract, (2) the causes of action brought against CRG were tort claims barred by the four-year statute of limitations period established in subsection 78–12–25(3) of the Utah Code, and (3) Utah case law required CRG to disclose only defects of which it had prior knowledge. The district court then determined that its summary judgment ruling disposed of all the County's claims against CRG and certified its decision as a final order pursuant to rule 54(b) of the Utah Rules of Civil Procedure.

¶ 14 We acquired jurisdiction pursuant to subsection 78–2–2(3) of the Utah Code. On appeal, the County contends that the district court erred in two respects. First, it argues that the court erred in granting CRG's summary judgment motion because the Agency Disclosure imposed contractual duties upon CRG and genuine issues of material fact exist as to whether those contractual obligations have been fulfilled. Second, it asserts that the court erred in denying its rule 56(f) motion for a continuance.

¶ 15 In response, CRG claims that the district court's summary judgment ruling was appropriate because the County's causes of action against it were tort claims barred by the applicable statute of limitations. To support this argument, CRG maintains that the Agency Disclosure did not establish any contractual duties because it memorialized existing common law or statutory obligations. Further, CRG contends that the court acted appropriately in granting its summary judgment motion because the County offered no evidence showing that CRG knew of the latent subsurface conditions. Finally, CRG avers that the County's rule 56(f) motion for a continuance lacked merit because ample time was allotted for the County to conduct discovery.

## ANALYSIS

### I. ISSUES PRESENTED/STANDARD OF REVIEW

¶ 16 In this appeal, we review four questions: whether the district court (1) correctly concluded that the duties at issue were tort, rather than contractual, duties because they existed at common law independent of any contract or agreement, (2) applied the appropriate statute of limitations period, (3) correctly granted CRG's summary judgment motion, and (4) acted within its discretion in denying the County's rule 56(f) motion for a continuance. The first three questions present issues of law. We therefore review them for correctness and give no deference to the district court's conclusions. *See State v. Tooele County,* 2002 UT 8, ¶ 8, 44 P.3d 680 (stating that a district court's grant of summary judgment is reviewed for correctness); *Estes v. Tibbs,* 1999 UT 52, ¶ 4, 979 P.2d 823 (holding that a district "court's application of a statute of limitations presents a question of law"); *Weber v. Springville City,* 725 P.2d 1360, 1363 (Utah 1986) (explaining that the "question of whether a 'duty' exists is a question of law"). We review the final question under an abuse of discretion standard, however. *Crossland Sav. v. Hatch,* 877 P.2d 1241, 1243 (Utah 1994).

¶ 17 In reviewing the district court's summary judgment ruling, we add that the court's decision can be upheld only if no genuine issues of material fact existed and CRG was entitled to judgment as a matter of law. Utah R. Civ. P. 56(c).

### II. PARTIES ARE NOT PRECLUDED FROM BARGAINING FOR A BINDING CONTRACTUAL DUTY THAT PARALLELS A COMMON LAW TORT DUTY

¶ 18 The district court held that the duties described in the Agency Disclosure

were common law tort duties, not contractual duties, because "they existed independent of any contract or agreement." We disagree. We find the district court's legal conclusion— essentially, that the County was precluded from bargaining for the right to sue in contract—misplaced for three reasons. First, we have repeatedly held that competent parties are free to bargain for any term that does not require a violation of the law. *See, e.g., Phone Directories Co. v. Henderson,* 2000 UT 64, ¶ 15, 8 P.3d 256 (declaring that "people are generally free to bind themselves pursuant to any contract, barring such things as illegality of subject matter or legal incapacity"). Second, we have consistently recognized that parties can create a duty of care through contract. *See, e.g., Cornia v. Wilcox,* 898 P.2d 1379, 1383 (Utah 1995) (stating that "[t]o establish an agistment contract, the bailor must show that ... some duty of care was bargained for and accepted by the landowner"). Lastly, we see no reason to depart from these rules simply because the fiduciary duties contracted for paralleled a common law obligation. In our view, " '[i]f a defendant may be held liable for neglect of [a] duty imposed on him, independently of any contract, by operation of law, a fortiori ought he to be liable where he has come under an obligation to use care as a result of an undertaking founded on consideration.' " *DCR Inc. v. Peak Alarm Co.,* 663 P.2d 433, 435–36 (Utah 1983) (quoting *Flint & Walling Mfg. Co. v. Beckett,* 167 Ind. 491, 79 N.E. 503, 505–06 (1906)). Accordingly, we conclude that there is no blanket prohibition against creating a contractual duty that parallels a common law obligation.

## III. THE COUNTY'S CLAIMS AGAINST CRG WERE NOT BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS

■ ¶ 19 Having concluded that duties of care may be incorporated as part of a contract even if they parallel common law obligations, we next address CRG's argument that the County's two causes of action violat-

ed the applicable statute of limitations. In answering this question, the district court concluded that the County's two actions, which arose four years and four months after the formation of the Agency Disclosure, were "negligence claim[s] ... barred by the four-year statute of limitations set forth in Utah Code Ann. § 78–12–25(3)." We disagree and hold that if the Agency Disclosure was otherwise a valid contract,[4] the causes of action based on provisions of the Disclosure were not time barred because a six-year statute of limitations period applied.

¶ 20 In reaching this conclusion, we note that the County did not label its two claims against CRG as contract causes of action. Instead, without identifying the source of CRG's duty to exercise care or disclose material information, its complaint simply asserted that CRG "owed a fiduciary duty ... to [it as] the purchaser ... [and was] obligated to fulfill all of the obligations of a fiduciary ..., excluding the disclosure ... that WDCI would accept a price less than the listing price, or that the County would pay a price greater than the price offered." As such, the language of the complaint admittedly did not specify whether CRG violated a contractually based fiduciary duty or a fiduciary duty imposed by operation of law.

¶ 21 In light of this ambiguity, CRG contends that we should affirm the district court's conclusion and construe the County's actions as being founded in tort. Our precedent requires just the opposite, however. Indeed, we have stated that where there is doubt as to whether a party pleaded a contract cause of action or a tort claim, "[t]he action ... should be construed to uphold it rather than defeat it [because we] presume the pleader's purpose is to serve his [or her] best interest." *Juab County Dep't of Pub. Welfare v. Summers,* 19 Utah 2d 49, 52, 426 P.2d 1 (Utah 1967) (internal quotations and citation omitted). Put differently, a plaintiff's cause of action should be "so construed as to sustain the complaint if the allegations

---

4. Because the district court concluded that no contractual duties existed based on its erroneous legal conclusion (i.e., parties are precluded from bargaining for a contractual duty that parallels a common law duty), it may have found it unnecessary to consider other grounds for finding a contract did not exist. To the extent there are additional issues relative to contract formation, they remain open on remand.

are sufficient to state a good cause of action in contract, but not in tort, or vice versa ... *and so as to avoid the bar of the statute of limitations if the action would be barred in one form but not the other.*" *Id.* Accordingly, we conclude that the County intended to plead a contract cause of action based upon a written instrument, which has a statute of limitations period of six years, Utah Code Ann. § 78–12–23(2) (1998) (setting forth a six-year statute of limitations period for actions based upon a written contract), and that the County's action was filed within that time period.[5]

## IV. THE DISTRICT COURT ERRED IN GRANTING CRG'S SUMMARY JUDGMENT MOTION

¶ 22 The County next contends that genuine issues of material fact exist as to whether CRG satisfied its contractual duties. Specifically, the County argues that CRG, acting as the County's real estate agent, had an affirmative obligation to exercise "utmost care," inquire about the subsurface conditions of the property, and disclose latent defects. In response, CRG claims (1) that the duty of "utmost care" referenced in the Agency Disclosure was qualified by other language in the agreement, (2) that as a result of this qualifying language it simply had to satisfy a duty of "reasonable care," (3) that this duty of "reasonable care" established in the Agency Disclosure obligated it to reveal only latent defects of which it was aware, and (4) that no genuine issues of material fact exist as to whether that obligation was satisfied.

¶ 23 We do not reach the question of whether CRG was required to satisfy a duty of "reasonable care" or a duty of "utmost care" because we conclude that, under either standard, the district court erred in denying the County an opportunity to conduct further discovery, pursuant to rule 56(f) of the Utah Rules of Civil Procedure, and erroneously granted CRG's summary judgment motion. To begin with, we note that even if the duty imposed upon CRG amounted only to a duty of "reasonable care," such a duty mandates that it disclose latent defects of which it was aware. *Cf. Schafir v. Harrigan,* 879 P.2d 1384, 1390 (Utah Ct.App.1994) (explaining that a "real estate agent's duty to be honest and truthful would likely include an obligation to disclose to ... buyers any latent ... defects of which the agent is aware"). Moreover, the duty of "utmost care" necessarily imposes this same obligation because it represents the highest degree of care possible. *See Lambert v. Franklin Real Estate Co.,* 37 S.W.3d 770, 777 (Ky. Ct.App.2000) (stating that "utmost care means the highest degree of care"); *Kuntz v. Stelmachuk,* 136 N.W.2d 810, 821 (N.D.1965) (explaining that "[t]he words 'utmost care' are synonymous with 'the highest degree of care' "). Hence, regardless of the applicable standard of care, CRG had a duty to disclose latent defects of which it had knowledge. Accordingly, the County could have created a genuine issue of material fact, and thereby precluded summary judgment, by putting forth evidence that CRG knew of the latent subsurface conditions associated with the purchased property.

[11] ¶ 24 Whether CRG had knowledge of the latent subsurface conditions prior to the real estate purchase, however, is a question that the district court deprived the County of adequately exploring by improperly denying its rule 56(f) motion for a continuance.[6] The court exceeded its discretion in

---

5. Besides our presumption that a complaint should be construed so as to sustain an ambiguous cause of action, an additional reason justifies treating the County's claims against CRG as arising out of a contract. Specifically, the scope of CRG's alleged duty of care was narrowed in the County's complaint in a way that mirrored the language of the Agency Disclosure. For instance, in its complaint, the County asserted that CRG had to fulfill all of the obligations of a fiduciary, "excluding the disclosure to the County that *WDCI would accept a price less than the listing price, or that the County would pay a*

*greater price than the price offered.*" (Emphasis added.) Employing almost identical language, the Agency Disclosure declared that CRG had "[a] fiduciary duty of utmost care ... [and could] not, without the express permission of the respective party, disclose ... that *[WDCI would] accept a price less than the listing price or that [the County would] pay a price greater than the price offered.*" (Emphasis added.)

6. "Rule 56(f) allows a party opposing a motion for summary judgment to file an affidavit stating reasons why the party is presently unable to

denying the County's rule 56(f) motion for the following reasons. First, we have held on numerous occasions that rule 56(f) motions opposing a summary judgment motion on the ground that discovery has not been completed should be granted liberally unless they are deemed dilatory or lacking in merit. *Price Dev. Co. v. Orem City,* 2000 UT 26, ¶ 30, 995 P.2d 1237; *Crossland,* 877 P.2d at 1243; *Cox v. Winters,* 678 P.2d 311, 312–13 (Utah 1984). Second, the County's motion for a continuance did not lack merit because it requested an opportunity to continue with factual exploration on an issue that could have defeated CRG's summary judgment motion (i.e., whether CRG knew of the latent subsurface conditions). Third, our case law firmly establishes that the County's rule 56(f) motion, which clearly requested an opportunity to complete discovery, was not dilatory. Indeed, precedent from this court regarding rule 56(f) motions demonstrates that a party who has initiated discovery proceedings in a timely fashion and seeks to obtain information that is in the sole control of the adverse party is not dilatory and should be given a reasonable opportunity to pursue the discovery that he or she seeks.

¶ 25 We addressed this precise issue in *Cox.* In that case, the plaintiffs had sent out interrogatories and requests for admission to the defendant but never received a response to their inquiries. 678 P.2d at 313–14. The defendant then moved for summary judgment. *Id.* at 312. In the midst of discovery, the plaintiffs sought additional time "to 'flush out evidence' [of their] claim" by filing a rule 56(f) motion for a continuance. *Id.* at 314–15. The district court denied this request, however, and precluded the plaintiffs from using otherwise available discovery procedures. *Id.* at 315. On appeal, we concluded that the plaintiffs' rule 56(f) motion should have been granted in order to allow them "to carry their already-begun discovery to completion." *Id.*

¶ 26 We reached a similar conclusion in *Strand v. Associated Students of the University of Utah.* 561 P.2d 191, 194 (Utah 1977). There, we reasoned that further discovery proceedings were required because there had not been sufficient time since the inception of the lawsuit for the plaintiff to utilize discovery procedures and the information sought by the plaintiff was in the sole possession and control of the defendant. *Id.* Consequently, we held that the plaintiff was denied a " 'reasonable opportunity' " to take depositions and that a continuance should have been granted. *Id.* (quoting *Toebelman v. Missouri–Kansas Pipe Line Co.,* 130 F.2d 1016, 1022 (3d Cir.1942)).

¶ 27 By comparison, in *Crossland,* we upheld the denial of a rule 56(f) motion for a continuance. 877 P.2d at 1244. That case is distinguishable from *Cox* and *Strand,* however. In contrast to *Cox,* the party seeking a continuance in *Crossland* (i.e., the defendant) "did not ... attempt to initiate any discovery" during the four months that elapsed between the filing of the plaintiff's lawsuit and the filing of the summary judgment order rendered by the district court. Further, unlike *Strand,* the defendant in *Crossland* had "unlimited access" to the information necessary to demonstrate a dispute regarding a genuine issue of material fact. *Id.* Accordingly, when viewed together, *Cox, Strand,* and *Crossland* all stand for the proposition that a party's rule 56(f) motion for a continuance is not dilatory if the party has already initiated discovery proceedings, diligently seeks access to information that is within the sole control of the adverse party, and is denied an adequate opportunity to conduct the desired discovery.

¶ 28 Applying this principle to the instant case, we conclude that the County was not dilatory in filing its rule 56(f) motion for a continuance. We reach this conclusion because, like the defendant in *Cox,* the County had already initiated the discovery process.

submit evidentiary affidavits in opposition to the moving party's supporting affidavits." *Crossland Sav. v. Hatch,* 877 P.2d 1241, 1243 (Utah 1994); *see also* Utah R. Civ. P. 56(f). In full, rule 56(f) states as follows:

Should it appear from the affidavits of a party opposing a motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such order as is just.

Utah R. Civ. P. 56(f).

In particular, it had propounded both interrogatories and document requests to CRG. Further, as with the defendant in *Cox*, the County intended to pursue additional factual exploration. In fact, the County explicitly stated in its rule 56(f) motion that a continuance was necessary to "conduct discovery on ... whether [CRG] knew of the subsurface conditions." Finally, as was the case in *Strand*, the information the County was seeking (i.e., whether CRG had knowledge of the subsurface defects) remained in the exclusive control of an adverse party: namely, CRG or WDCI.

¶ 29 Approximately two months after the County received a response to its first set of interrogatories and document production requests, however, the district court granted CRG's summary judgment motion.[7] While we have never established a bright-line rule for determining whether a party had sufficient time to conduct discovery, *Crossland*, 877 P.2d at 1244, we consider the passage of two months an inadequate period in which to require the County, who had diligently conducted some discovery, to complete its formal factual exploration and depose CRG's agents. *Id.* (holding that four months was a sufficient time period to complete discovery because of the simplicity of the case). Ample time was not allotted to the County because it had to read the responses to its interrogatories, analyze the documents it received, and then determine who should be deposed and what questions should be asked. Additionally, it had to schedule a date to take the depositions.[8] This required accommodating the schedules of not only the deponents but at least two attorneys as well. Accordingly, we hold that it was an abuse of discretion for the district court to deny the County's rule 56(f) motion for a continuance. We therefore reverse the court's summary judgment ruling in favor of CRG and order additional discovery to be permitted. *Cf. Strand*, 561 P.2d at 194.

## CONCLUSION

¶ 30 In summary, we reverse the district court's legal conclusion that common law tort duties may not be made contractual duties. Further, we hold that if the Agency Disclosure was otherwise a valid contract, the causes of action based on provisions in the Disclosure were not time barred because a six-year statute of limitations applied. Finally, we conclude that in denying the County's rule 56(f) motion, the district court exceeded its discretion and deprived the County of an adequate opportunity to establish a genuine issue of material fact. Accordingly, we reverse the district court's summary judgment ruling and its denial of the County's rule 56(f) motion for a continuance.

¶ 31 Chief Justice HOWE, Associate Chief Justice RUSSON, Justice DURHAM, and Justice WILKINS concur in Justice DURRANT's opinion.

---

7. Specifically, the County received answers to its propounded interrogatories and document requests on January 11, 1999. The district court then held a hearing on February 19, 1999, and granted CRG's summary judgment motion on March 10, 1999.

8. We note that the County acted reasonably in waiting for responses to its inquiries before attempting to depose CRG's agents because it needed that information to determine who should be deposed and what questions should be asked.