2005 UT App 90
Energy Management Services, L.L.C., Plaintiff and Appellant,
v.
Dan K. Shaw, an individual; and Del-Rio Resources, Inc., a Utah corporation, Defendants and Appellees.
Case No. 20021064-CA.
Utah Court of Appeals.
Filed February 25, 2005.
This opinion is subject to revision before publication in the Pacific Reporter.
Max D. Wheeler, Rex E. Madsen, and Keith A. Call, Salt Lake City, for Appellant.
Thomas R. Karrenberg and Stephen P. Horvat, Salt Lake City, for Appellees.
Before Judges Billings, Orme, and Thorne.

OPINION
THORNE, Judge:
¶1 Energy Management Services, L.L.C. (EMS) appeals the trial court's grant of summary judgment to Dan K. Shaw and Del-Rio Resources, Inc. (Del-Rio). We reverse and remand for consideration of EMS's request for additional discovery.

BACKGROUND
¶2 EMS,[1] along with several other entities and individuals including a subsidiary of Del-Rio (collectively, the federal plaintiffs), held interests in ten oil leases. Access to those leases was cut off in 1983, and in 1986 the federal plaintiffs sued the United States for damages resulting from the denial of the use of these leases (the federal litigation).
¶3 While the federal litigation was pending, Del-Rio borrowed nearly $800,000 from Shaw to finance a separate drilling project with the corporate EMS entities. The EMS entities were jointly and severally liable on the loan. In 1995, when Del-Rio was unable to repay the loan, Del-Rio and the EMS entities entered into an agreement (the 1995 agreement) with Shaw whereby Shaw forgave the debt in exchange for the conveyance of several oil leases (not involved in the federal litigation) that had been pledged as security for the loan.
¶4 As additional consideration for the 1995 agreement, Shaw agreed to use his best efforts to enter into a separate agreement with the federal plaintiffs to fund the federal litigation in an amount of up to $30,000. Per the 1995 agreement, any funding agreement between Shaw and the federal plaintiffs was to contain provisions granting Shaw an assignment of any additional leases resulting from the federal litigation, and reimbursing him out of any monetary award that might result. The federal plaintiffs were to retain a fifty percent beneficial interest in the assigned leases and were to retain any money damages that remained after Shaw's reimbursement.
¶5 Shaw ultimately funded the federal litigation with at least $20,000 of his own money, although the existence and terms of any funding agreement involving Shaw and any of the federal plaintiffs is disputed. In 2000, pursuant to a settlement of the federal litigation, the United States agreed to reinstate and extend the subject leases for three years and pay the federal plaintiffs $300,000. When EMS apparently did not receive its expected pro rata share of the fifty percent beneficial interest in the extended leases and the money damages remaining after Shaw's reimbursement, it brought this action for declaratory relief and money damages.
¶6 EMS's complaint asserted that Shaw funded the federal litigation, and that this funding evidenced a funding agreement between Shaw and one or more of the federal plaintiffs. Pursuant to the terms of the 1995 agreement, such a funding agreement should have contained terms granting EMS an interest in the federal litigation settlement. EMS sought relief consistent with the terms of the funding agreement as mandated by the 1995 agreement.
¶7 Shaw and Del-Rio moved for summary judgment, supported in part by Shaw's affidavit that his funding of the federal litigation did not occur pursuant to the terms of the 1995 agreement. EMS requested a continuance under Utah Rule of Civil Procedure 56(f) to allow further discovery, specifically the depositions of Shaw and Gerald Nielson, the attorney who represented the federal plaintiffs, negotiated the federal litigation settlement, and oversaw its disbursement. Without addressing EMS's rule 56(f) request, the trial court granted summary judgment to Shaw and Del-Rio after concluding that the 1995 agreement did not grant EMS any independent interest in the settlement proceeds. EMS brings this appeal challenging the trial court's grant of summary judgment and its failure to consider its rule 56(f) continuance.

ISSUES AND STANDARD OF REVIEW
¶8 "This court reviews the denial of a rule 56(f) motion for an abuse of discretion." Aspenwood, L.L.C. v. C.A.T., L.L.C., 2003 UT App 28,¶16, 73 P.3d 947, cert. denied, 72 P.3d 685 (Utah 2003). However, when a trial court does not rule on a rule 56(f) motion, thereby failing to exercise its discretion, "`the issue of whether or not it should have presents a legal question which is subject to de novo review.'" Crossland Sav. v. Hatch, 877 P.2d 1241, 1243 n.4 (Utah 1994) (quoting Garrett v. City & County of San Francisco, 818 F.2d 1515, 1518 n.3 (9th Cir. 1987)).

ANALYSIS
¶9 EMS challenges the trial court's entry of summary judgment in favor of Shaw and Del-Rio. We need not address the substance of the parties' summary judgment arguments as we conclude that EMS is entitled to have the trial court consider and rule on its request for additional discovery. See Utah R. Civ. P. 56(f).
¶10 "Rule 56(f) motions opposing a summary judgment motion on the ground that discovery has not been completed should be granted liberally unless they are deemed dilatory or lacking in merit." Salt Lake County v. Western Dairymen Coop., Inc., 2002 UT 39,¶24, 48 P.3d 910. Here, the trial court did not rule on EMS's rule 56(f) motion, presenting a de novo legal question as to whether it should have. See Crossland Sav. v. Hatch, 877 P.2d 1241, 1243 n.4 (Utah 1994). Following the approach of other courts that have addressed this question, we conclude that it is error for a trial court to grant summary judgment without addressing a pending rule 56(f) motion, absent an indication from the record that the motion is meritless or dilatory on its face. Cf. Garrett v. City & County of San Francisco, 818 F.2d 1515, 1519 (9th Cir. 1987) (reversing summary judgment for failure to address motion and "not[ing] that the motion, on its face, does not appear to be entirely without merit"); Patty Precision v. Brown & Sharpe Mfg. Co., 742 F.2d 1260, 1265 (10th Cir. 1984) (examining timeliness of motion before reversing summary judgment for failure to consider that motion). When a rule 56(f) motion is not meritless or dilatory on its face, the moving party has "squarely invok[ed] the discretion of the district court" and the matter must be reversed and remanded for consideration on the merits. Crossland Sav., 877 P.2d at 1244.
¶11 Reviewing the record before us de novo, we cannot say that EMS's motion was either dilatory or meritless on its face. A rule 56(f) motion has merit when it targets core issues that might defeat the pending summary judgment motion. See Western Dairymen, 2002 UT 39 at ¶24 (stating that a motion for a continuance does not lack merit when it "request[s] an opportunity to continue with factual exploration on an issue that could [defeat a] summary judgment motion"). EMS's rule 56(f) affidavit outlined specific discovery activities that potentially could produce evidence supporting its claim that Shaw entered into a funding agreement consistent with the terms of the 1995 agreement. The requested discovery could also lead to evidence suggesting that Shaw failed to use his best efforts as required by the 1995 agreement. Either of these theories, if supported by the evidence, could defeat summary judgment in the context of a liberal construction of EMS's complaint. See Busche v. Salt Lake County, 2001 UT App 111,¶6, 26 P.3d 862 (discussing Utah's liberal standards for the construction of pleading language).
¶12 The question of whether EMS's motion was dilatory is a closer one. "[A] party's rule 56(f) motion for a continuance is not dilatory if the party has already initiated discovery proceedings, diligently seeks access to information that is within the sole control of the adverse party, and is denied an adequate opportunity to conduct the desired discovery." Western Dairymen, 2002 UT 39 at ¶27; see also Crossland Sav., 877 P.2d at 1243-44 (addressing the timeliness of a rule 56(f) motion); Cox v. Winters, 678 P.2d 311, 312-315 (Utah 1984) (same); Strand v. Associated Students of the Univ. of Utah, 561 P.2d 191, 193-94 (Utah 1977) (same). EMS did not initiate discovery proceedings at any time between the inception of the suit in July 2001 and the trial court's summary judgment order in November 2002, a period of some sixteen months. There are, however, other relevant factors that preclude us from deeming the motion dilatory as a matter of law.
¶13 Shaw and Del-Rio did not answer the complaint against them until April 2002, and the initial round of pleadings was not completed until after Shaw and Del-Rio filed their joint motion for summary judgment in August 2002. See Strand, 561 P.2d at 194 (noting, in concluding that rule 56(f) motion was timely, that "[t]he pleadings had not been closed, and there were complex legal issues posed, with an inadequate factual basis"). It is also undisputed that information pertaining to Shaw's dealings with at least one of the federal plaintiffsthe Del-Rio subsidiaryis in the exclusive possession and control of Shaw and Del-Rio.[2] Finally, the summary judgment motion included affidavits from both Shaw and Nielson that presumably were not available to EMS until the summary judgment motion was filed in August 2002. EMS filed its rule 56(f) affidavit in September 2002, a little over a month later. Under these circumstances, we cannot say that EMS's discovery motion was dilatory on its face. See Patty Precision, 742 F.2d at 1265 ("Plaintiff followed a reasonable course considering the procedural status of the case.").
¶14 We conclude that EMS's rule 56(f) motion was neither meritless nor dilatory on its face. Accordingly, EMS properly invoked the trial court's discretion and the trial court erred when it failed to exercise that discretion. We adopt the remedy for this error stated by the Tenth Circuit Court of Appeals in Patty Precision:
[W]e reverse the court's grant of summary judgment and remand for the trial court to expressly consider plaintiff's Rule 56(f) affidavit. We express no opinion on the merits of defendants' summary judgment motion. We hold only that the trial judge must expressly rule on plaintiff's Rule 56(f) affidavit and give specific reasons for the grant or denial thereof. Regardless of the trial court's disposition of the affidavit, that disposition will not be disturbed absent a clear abuse of discretion.
Id.

CONCLUSION
¶15 The trial court erred when it failed to exercise its discretion and address EMS's rule 56(f) motion. Accordingly, we reverse the summary judgment in favor of Shaw and Del-Rio and remand the matter to the trial court for further proceedings consistent with this opinion.
¶16 WE CONCUR: Judith M. Billings, Presiding Judge, Gregory K. Orme, Judge.
NOTES
[1] This appeal and the underlying action were originally brought by Western United Mines, Inc.; Syndicators, Inc.; J.R. Kirk Jr.; and Steven D. Martens. On June 2, 2004, this court ordered that EMS be substituted as the appellant in this matter, and for convenience we refer to the plaintiffs below collectively as EMS.
[2] In his answer, Shaw asserts that a funding agreement was reached between himself and Del-Rio, the two defendants in this action.