2009 UT App 16

**Darren C. BLUEMEL, Plaintiff and Appellant,**

v.

**Wayne A. FREESTONE and David J. Angerhofer, Defendants and Appellees.**

**No. 20071010–CA.**

Court of Appeals of Utah.

Jan. 23, 2009.

See also 2004 WL 2404323.

David W. Brown, West Valley City, for Appellant.

Wayne A. Freestone and David J. Angerhofer, Sandy, Appellees Pro Se.

Before Judges GREENWOOD, THORNE, and BENCH.

## OPINION

THORNE, Associate Presiding Judge:

¶1 Darren C. Bluemel appeals from the district court's granting of Wayne A. Freestone and David J. Angerhofer's motion for summary judgment. We reverse the judgment of the district court and remand this matter for further proceedings.

## BACKGROUND

¶2 Freestone and Angerhofer are attorneys who have had contracts with various Utah correctional facilities to assist inmates with the preparation of postconviction relief filings. Bluemel sued Freestone and Angerhofer for alleged deficiencies in their handling of Bluemel's own postconviction relief petition. Both Bluemel's postconviction relief petition and this separate civil suit have been the subject of prior appellate decisions from this court. *See Bluemel v. Freestone,* 2004 UT App 387U, 2004 WL 2404323 (mem.) (per curiam) (affirming dismissal of Bluemel's initial civil complaint against Freestone and Angerhofer); *Bluemel v. Miller,* 2003 UT App 267U, 2003 WL 21715842 (mem.) (affirming dismissal of Bluemel's petition for postconviction relief).

¶3 When the district court granted summary judgment to Freestone and Angerhofer, Bluemel had several discovery motions pending before the court, as well as a motion for additional time to conduct discovery to oppose summary judgment pursuant to rule 56(f), *see* Utah R. Civ. P. 56(f). Although the district court took these motions under advisement after a June 12, 2007 motion hearing, the court did not rule on the motions before it granted summary judgment on November 27, 2007. At issue in the discovery motions were Bluemel's attempts to obtain a copy of the contract under which Freestone and Angerhofer provided him with assistance, as well as Bluemel's attempts to discover the documents Freestone and Angerhofer had included with the postconviction relief petition filed on Bluemel's behalf.[1]

## ISSUE AND STANDARD OF REVIEW

¶4 Bluemel appeals from the district court's entry of summary judgment in favor of Freestone and Angerhofer. Bluemel raises various challenges to the district court's order, but we address only his argument that the district court erred when it failed to address Bluemel's pending discovery and rule 56(f) motions prior to ruling on Free-

1. Although Bluemel's motions to compel were drafted pro se and may not have been entirely clear, Bluemel's counsel's rule 56(f) affidavit apprised the district court that Bluemel was seeking to discover "documents, photographs[, and] records" that Freestone and Angerhofer had attached to Bluemel's postconviction relief petition as well as "copies of contracts, records kept by [Freestone and Angerhofer], etc., all of which have a bearing on the summary judgment issues." Counsel's affidavit also requested that, "[p]ursuant to Rule 56(f) of the Utah Rules of Civil Procedure, ... [the] summary judgment motion be continued until the Court has ruled on the outstanding discovery issues, and [Freestone and Angerhofer] have submitted the requested documents and discovery responses to [Bluemel]."

stone and Angerhofer's motion for summary judgment. We generally review a trial court's discovery rulings for an abuse of discretion, *see, e.g., Aurora Credit Servs., Inc. v. Liberty W. Dev.,* 2006 UT App 48, ¶ 3, 129 P.3d 287, but when a trial court does not rule on outstanding discovery motions and thereby fails to exercise its discretion, "the issue of whether or not it should have [decided the outstanding motions] presents a legal question which is subject to de novo review." *Energy Mgmt. Servs., LLC v. Shaw,* 2005 UT App 90, ¶ 8, 110 P.3d 158 (internal quotation marks omitted).

## ANALYSIS

¶ 5 Bluemel argues that summary judgment was inappropriate because he had three motions to compel discovery, as well as a rule 56(f) motion for additional time to conduct discovery, pending before the district court at the time of summary judgment. "Generally, summary judgment should not be granted if discovery is incomplete since information sought in discovery may create genuine issues of material fact sufficient to defeat the motion." *Downtown Athletic Club v. Horman,* 740 P.2d 275, 278 (Utah Ct.App. 1987). In particular, this court has recently held that "it is error for a trial court to grant summary judgment without addressing a pending rule 56(f) motion, absent an indication from the record that the motion is meritless or dilatory on its face." *Energy Mgmt. Servs., LLC,* 2005 UT App 90, ¶ 10, 110 P.3d 158.

¶ 6 Here, there is no indication that Bluemel's rule 56(f) motion was dilatory or lacking in merit. *See generally id.* (requiring trial courts to address pending rule 56(f) motions unless they are patently "meritless or dilatory"). And, the information sought by both Bluemel's discovery motions and, ultimately, his rule 56(f) motion was central to his claims against Freestone and Angerhofer.[2] *Cf. Downtown Athletic Club,* 740 P.2d at 278 (stating that summary judgment

is generally inappropriate where pending discovery "may create genuine issues of material fact"). For example, Bluemel sought the production of the various contracts that governed Freestone and Angerhofer's duties toward him as a third-party beneficiary. Bluemel's failure to specifically and correctly identify the contract upon which he was suing was one of the grounds the district court listed as a basis for its summary judgment order. *See generally Bluemel,* 2004 UT App 387U, 2004 WL 2404323 (affirming dismissal of prior complaint for failure to identify contract).

¶ 7 Similarly, Bluemel sought to discover the documents Freestone and Angerhofer had filed accompanying his petition for postconviction relief. Bluemel's amended complaint alleges that Freestone and Angerhofer prejudiced Bluemel's chances of obtaining postconviction relief by failing to file certain documents that he had provided to them. Thus, discovery of the documents that were actually filed by Freestone and Angerhofer may be critical to any evaluation of Bluemel's claims against them.

¶ 8 In sum, the materials sought by Bluemel's pending discovery motions were central to his claims and might have raised factual questions "sufficient to defeat [Freestone and Angerhofer's] motion" for summary judgment. *See Downtown Athletic Club,* 740 P.2d at 278. Accordingly, it was improper for the district court to enter summary judgment without addressing those motions. *See id.* Similarly, there is no "indication from the record that [Bluemel's pending rule 56(f)] motion is meritless or dilatory on its face," and the district court erred by failing to address this motion prior to entering summary judgment. *See Energy Mgmt. Servs., LLC,* 2005 UT App 90, ¶ 10, 110 P.3d 158. For these reasons, we reverse the summary judgment order and remand the matter for consideration of Bluemel's pending discovery and rule 56(f) motions.

---

**2.** We note that Freestone and Angerhofer do not address Bluemel's discovery argument on appeal except to assert that the district court's summary judgment order resolved the pending motions because the district court's June 20, 2007 minute entry granting summary judgment stated that the court was acting "being fully advised." We are not convinced by this interpretation of the district court's order.

## CONCLUSION

¶ 9 The district court erred when it granted summary judgment to Freestone and Angerhofer prior to resolving Bluemel's outstanding discovery and rule 56(f) motions. Accordingly, we reverse the judgment of the district court and remand the case for resolution of these matters and such other proceedings as may then be necessary.

¶ 10 WE CONCUR: PAMELA T. GREENWOOD, Presiding Judge, and RUSSELL W. BENCH, Judge.