2007 UT App 152

**Robert Troy JENSEN, Plaintiff and Appellant,**

v.

**Scott SMITH, M.D., Defendant and Appellee.**

No. 20060845–CA.

Court of Appeals of Utah.

May 3, 2007.

Matthew T. Graff and Mark H. Graff, St. George, for Appellant.

David H. Epperson and David C. Epperson, Salt Lake City, for Appellee.

Before Judges BENCH, DAVIS, and ORME.

## MEMORANDUM DECISION

BENCH, Presiding Judge:

¶ 1 Plaintiff claims that the trial court erred by denying his request for more time to designate an expert witness and submit affidavits in opposition to Defendant's motion for summary judgment. *See* Utah R. Civ. P. 56(f). We review a trial court's rule 56(f) ruling under an abuse of discretion standard, deciding whether the grant or denial exceeds "the limits of reasonability." *Price Dev. Co. v. Orem City,* 2000 UT 26, ¶ 9, 995 P.2d 1237 (quotations and citations omitted).

¶ 2 "Rule 56(f) provides that a party opposing summary judgment may file an affidavit stating reasons why he is presently unable to submit evidentiary affidavits in opposition to the moving party's supporting affidavits." *Reeves v. Geigy Pharm., Inc.,* 764 P.2d 636, 639 (Utah Ct.App.1988). When a rule 56(f) affidavit is filed, "the court *may* refuse the application for [summary] judgment or *may* order a continuance to permit [evidentiary] affidavits to be obtained ... or *may* make such other order as is just." Utah R. Civ. P. 56(f) (emphases added). Rule 56(f) therefore gives trial courts discretion in granting or denying these types of requests. *See id.* Courts generally construe rule 56(f) liberally in favor of the requesting party to allow for adequate discovery, unless the request is "dilatory or lacking in merit." *Reeves,* 764 P.2d at 639. Importantly, "a court should not grant a[r]ule 56(f) motion to protect a party from its own lack of diligence or from the merits of the motion for summary judgment." *Jones v. Bountiful City Corp.,* 834 P.2d 556, 561 (Utah Ct.App.1992).

¶ 3 In *Cox v. Winters,* 678 P.2d 311 (Utah 1984), the Utah Supreme Court enumerated three factors to consider when reviewing a trial court's rule 56(f) decision:

1. Were the reasons articulated in the [r]ule 56(f) affidavit "adequate" or is the party against whom summary judgment is sought merely on a "fishing expedition" for purely speculative facts after substantial discovery has been conducted without producing any significant evidence?

2. Was there sufficient time since the inception of the lawsuit for the party against whom summary judgment is sought to use discovery procedures, and thereby cross-examine the moving party?

3. If discovery procedures were timely initiated, was the non-moving party afforded an appropriate response?

*Downtown Athletic Club v. Horman,* 740 P.2d 275, 278 (Utah Ct.App.1987) (citing *Cox,* 678 P.2d at 313–14 (Utah 1984)).

¶ 4 Here, the record shows that almost two and a half years elapsed between the inception of this lawsuit and Defendant's motion for summary judgment. After Defendant filed his motion for summary judgment, Plaintiff took more than three additional months to designate an expert witness and to produce an affidavit in opposition to Defendant's motion. Plaintiff produced his belated evidentiary affidavit only after Defendant twice requested the court to decide the summary judgment motion and just days before the trial court signed its memorandum decision. Plaintiff had ample time for discovery prior to the filing of the summary judgment motion and in the months following the filing of the motion, yet did little to move this case forward in a timely fashion as required by rule 26 of the Utah Rules of Civil Procedure. *See* Utah R. Civ. P. 26(a)(3)(C).

¶ 5 While the trial court's memorandum decision incorrectly focused on the form of Plaintiff's 56(f) request, the trial court also made clear in its order that the reasons proffered in Plaintiff's 56(f) affidavit were inadequate to warrant more time to procure an expert witness. Plaintiff's stated reasons for not being able to produce the necessary evidentiary affidavits were merely that the case was too complex and that counsel was playing "phone tag" with unspecified potential experts. Had Plaintiff's search for an expert witness begun in a timely fashion, it likely could have been concluded well in advance of Defendant's motion for summary judgment. Given the length of Plaintiff's delay in designating an expert witness and that it was Plaintiff who was responsible for the long delay in the discovery process, we conclude that the trial court did not abuse its discretion by denying Plaintiff's 56(f) request as "dilatory or lacking in merit." *Reeves,* 764 P.2d at 639.

¶ 6 Plaintiff's argument that expert testimony was not required to prove his claim of medical malpractice was not raised before the trial court. We therefore need not discuss this argument. *See Carrier v. Salt Lake County,* 2004 UT 98, ¶ 43, 104 P.3d 1208. In any event, Plaintiff's claim does not qualify as an exception to the rule that expert testimony is required in medical malpractice suits because the proper medical procedures involved in limb amputation are not within the common knowledge and experience of a layperson. *Cf. Pete v. Young-*

*blood,* 2006 UT App 303, ¶ 20, 141 P.3d 629 (stating that "the loss of a surgical instrument or other paraphernalia" during surgery are examples of cases where the "propriety of the treatment received is within the common knowledge and experience of the layman").

¶ 7 For the foregoing reasons, we affirm.

¶ 8 WE CONCUR: JAMES Z. DAVIS and GREGORY K. ORME, Judges.