BEHM'S ESTATE et al. v. GEE.

No. 7333. Decided January 20, 1950. (213 P. 2d 664.)

Rehearing Denied April 3, 1950.

See 39 C. J. S., Guardian and Ward, sec. 44. Guardian, removal by court upon sufficient grounds, see note, 128 A. L. R. 535. See, also, 25 Am. Jur. 39.

*Shirley P. Jones,* Salt Lake City, for appellant.

*Ray S. McCarty,* Salt Lake City, *C. Vernon Langlois,* Salt Lake City, for respondents.

LATIMER, Justice.

This controversy arises out of litigation over the proceeds obtained in a suit to recover damages for the wrongful death of the mother of two infants. In a sense, this is a companion case to action No. 7305, in the matter of the *Estate of Behm,* decided this date, 117 Utah 151, 213 P. 2d 657, but not yet reported [in State Reports]. Reference should be made to that case for a discussion of the facts leading up to the hearing on the issues herein involved.

Immediately after one division of the Third Judicial District Court had rendered judgment in case No. 7305, previously referred to, a petition was filed in this matter seeking to have the letters of guardianship of the guardian Alma Gee revoked. In general, the grounds were that: The guardian had breached his trust in the following particulars (1) withdrawing certain money from the bank and secreting it in his home; (2) appropriating $750 to his own use; (3) failing to post a proper bond to protect the minors; and (4) failing to conduct himself properly in his capacity as guardian.

The guardian did not file an answer to the petition but instead filed a motion to dismiss. The motion was based upon the grounds that any monies received by appellant, Alma Gee, were received in his capacity as administrator of the estate of Venna Darlene Behm, deceased; that the order of the Court made in that proceeding had been stayed by

appeal; and, that to proceed with a hearing on this matter would be interfering with the appeal of the companion case.

The motion came on for hearing and after counsel for the guardian and counsel for the petitioner had made certain statements to the court which will be later referred to and after the files of the other proceeding were introduced into evidence, the matter was taken under advisement. Subsequently, the court entered judgment removing the guardian. It is from the order and judgment revoking the letters of guardianship and removing the guardian that this appeal is taken. Hereafter the guardian will be referred to as appellant.

It is not necessary to recite the facts of this case as the matter must be reversed because of procedural errors. Had the testimony of the appellant been properly before the trial court, the present judgment would have been sustained by the findings and the evidence. We concede that the appellant, who was the grandfather of the infants, took over the responsibilities that rightfully belonged to the father and obtained for the minors the money they will eventually receive out of this litigation. The efforts he and his attorney put forth appear to be solely responsible for the recovery obtained. However valuable his services may have been up to the point of recovery, his acts and conduct since that time cast doubt on his competency to continue as guardian. We need only refer to the statement of his counsel that some $11,500 in cash was kept at appellant's home to indicate that through poor judgment, he might have lost all of the money he had obtained for the minors. With that admission in the record we cannot agree with appellant's contention that the trial court found contrary to the facts. Even though he had possession of the money in another position of trust his acts suggest a lack of appreciation of his duties as a trustee.

We agree with respondent's contention that counsel's admission in open court was sufficient to sustain a finding of fact consistent with the admission. And had the admission referred to above been made in an appropriate hearing, part of the present findings could be sustained. However, statements made by opposing counsel, even though not challenged, cannot be converted into admissions by the other party.

The difficulty we encounter in this case is that the admissions were made in support of a motion to dismiss the petition to revoke the letters of guardianship. We know of no way in which a trial court can shortcut orderly procedure and change a motion to dismiss into a hearing on the merits. Even if we were to assume that the motion to dismiss was an improper method of raising the question of the jurisdiction of the court to proceed with the guardianship matter at that time, such an assumption would not aid the respondent. Unless appellant had in some way waived his right to a hearing or had refused to further plead after the motion had been disposed of, he would be entitled to file an answer and be heard on the merits. We find nothing in the record which indicates any intention on the part of appellant to abandon his right to meet the serious charges leveled at him and while guardians are officers of the court, they are entitled to their day in court.

Since the matter was pending on a motion to dismiss, we view the judgment of removal as having been prematurely made. Under the existing state of the pleadings the only appropriate order that could have been entered was one denying the motion to dismiss and granting appellant a reasonable time to answer.

Comment should be made on appellant's contention that the trial court was without jurisdiction to proceed because the decree of distribution in the estate matter was stayed by appeal and the amounts of the estates were in dispute. Sec. 102-6-1, U. C. A. 1943, provides as follows:

"102-6-1. Grounds for.

"The court may at any time suspend any administrator, executor or guardian; and may, upon citation, revoke the letters of any administrator upon petition of a competent person having a prior right thereto who had no opportunity to apply, or of any administrator of the estate of a supposed intestate whose will was subsequently found and admitted to probate, or of any executor, administrator or guardian for neglect, mismanagement, waste, embezzlement, incompetency or incapacity, or because of his conviction of an infamous crime, or for any other reason deemed sufficient by the court." C. L. 17, Section 7627.

This section gives the court the right to remove a guardian for reasons not directly involved in the guardianship matters. If by appropriate pleadings the court's attention is directed to the fact that a guardian is not competent and does not have the capacity to protect the rights of a minor, the court is not required to wait until the guardian has assets which can be dissipated through mismanagement. An early hearing might prevent such a situation from arising.

The court had before it information which established that the minors would obtain some money from their mother's death and the fact that the amount was in dispute did not prevent the court from proceeding with the petition to revoke the letters. The fact that the money was in the custody of the clerk of the court does not change the principle. The guardian was appointed without funds or tangible property to deal with, and we know of no reason why he could not be removed under similar conditions, if the evidence established that such removal would be for the best interests of the minors.

The judgment is reversed with directions to permit the guardian to file appropriate pleadings if he so elects. Costs to appellant.

PRATT, C. J., and WOLFE, WADE and McDONOUGH, JJ., concur.