2008 UT App 305

**Juan Carlos COLIN, Petitioner and Appellee,**

v.

**STATE of Utah, Respondent and Appellant.**

**No. 20070211–CA.**

Court of Appeals of Utah.

Aug. 14, 2008.

Mark L. Shurtleff and Erin Riley, Salt Lake City, for Appellant.

Juan Carlos Colin, Salt Lake City, Appellee Pro Se.

Before Judges THORNE, McHUGH, and ORME.

THORNE, Associate Presiding Judge:

¶ 1 The State appeals from a district court order granting post-conviction relief to Juan Carlos Colin. We reverse the district court's order and remand this matter for further proceedings.

## BACKGROUND

¶ 2 In 1997, Colin pleaded guilty to a single third degree felony count of attempted forcible sexual abuse. *See* Utah Code Ann. §§ 76–4–101 (Supp.2007), 76–4–102 (2003),

76–5–404 (Supp.2007). Colin was sentenced to zero to five years of imprisonment, but the sentence was suspended and Colin was placed on probation. It appears that Colin successfully completed his probation.

¶ 3 Colin's felony record apparently caused him difficulties with immigration authorities, and on June 12, 2006, Colin filed a motion in his criminal case seeking a reduction in sentence pursuant to Utah Code section 76–3–402.[1] *See id.* § 76–3–402 (Supp.2007). Following a hearing, the district court denied Colin's motion. On November 13, 2006, Colin filed a memorandum in support of his motion to vacate the judgment and withdraw his plea. The memorandum sought relief alleging both rule 11 violations at Colin's change of plea hearing, *see* Utah R.Crim. P. 11, and ineffective assistance of counsel arising from counsel's failure to inform Colin about the immigration consequences of his guilty plea. The district court interpreted Colin's memorandum as a petition for post-conviction relief and opened this separate civil case on December 18. That same day, the district court entered a minute order directing the State to file a response on or before December 27, nine days later.

¶ 4 The district court did not provide the State with a copy of Colin's petition along with the minute order, and thus, the State had no knowledge of the basis of Colin's petition. On December 21, the State requested a copy of the petition and an additional thirty days to respond. The next day, the district court faxed the State a copy of the petition and an order extending the deadline for response to December 31, an extension of four days.

¶ 5 The State sought to obtain the record in Colin's underlying criminal case by motion on December 27. On December 29, still not having received the criminal case record, the State filed a motion to dismiss, arguing that the lapse of over nine years from the date of Colin's guilty plea rendered Colin's petition untimely under Utah's Post–Conviction Rem-

edies Act, *see* Utah Code Ann. §§ 78–35a–101 to –304 (2002 & Supp.2007). The State specifically argued that Colin was required to have filed his petition within one year of May 12, 1997, the last day on which he could have filed a direct appeal. *See id.* § 78–35a–107 (Supp.2007).

¶ 6 On February 27, 2007, the district court held a hearing on the State's motion to dismiss. Colin participated by telephone. Despite being unsworn, Colin provided testimony that he recalled being told by his prior counsel that he would not be deported because of his guilty plea.[2] The State argued that dismissal was proper because Colin's petition was untimely, but also made a proffer that the prosecutor had spoken with Colin's prior counsel and that counsel had stated that it was not his practice to give such advice and that he did not recall ever informing a defendant that his guilty plea would not render him deportable.

¶ 7 At the conclusion of the hearing the district court denied the State's motion, concluding that Colin's petition was timely and that even if it were not, the court would "consider the interests of justice" and examine the merits of Colin's petition. The court then went further and granted Colin's petition for post-conviction relief. Referring to the State's proffer, the district court ruled that "[counsel's] general statement that it was not his practice, and that he could never remember ever telling a defendant charged with a felony that he would not be deportable, doesn't overcome petitioner Colin's specific recollection that he was told that he would not be deported." The State objected to this ruling, arguing that the only motion before the court was its own motion to dismiss and that it had not had an opportunity to substantively respond to Colin's petition or cross-examine Colin under oath. The court overruled the State's objection.

¶ 8 The State now appeals the district court's ruling granting Colin's petition. The

---

1. Colin's motion was filed in his criminal case and is not in the record on appeal. Presumably, Colin's motion sought to reduce his conviction from a third degree felony to a class A misdemeanor.

2. This statement expanded on the allegations contained in Colin's petition, which merely alleged that Colin did not recall ever being informed of any negative immigration consequences.

State does not appeal the denial of its motion to dismiss, and we do not address that ruling.

## ISSUE AND STANDARD OF REVIEW

■ ¶ 9 The State argues that the district court's entry of judgment in favor of Colin constitutes procedural error because the only motion before the court was the State's motion to dismiss and the State had not yet been given the opportunity to substantively oppose Colin's petition. Whether procedural error has occurred is a question of law that we review for correctness. *See State v. Ellifritz*, 835 P.2d 170, 174 (Utah Ct.App.1992).

## ANALYSIS

■ ¶ 10 In this case, the State argues that it was deprived of its right to meaningfully oppose the substance of Colin's petition for post-conviction relief when the district court granted the petition at the hearing on the State's motion to dismiss. We agree with the State that the district court's order granting Colin's petition must be reversed and remanded for further proceedings, specifically, to allow the State an opportunity to substantively oppose Colin's petition.

¶ 11 The State cites to a Utah Supreme Court case that addressed a remarkably similar factual situation occurring in the guardianship context. In *Behm's Estate v. Gee*, 117 Utah 166, 213 P.2d 664 (1950), a group of petitioners sought to revoke a guardian's letters of guardianship, alleging various breaches of duty on the part of the guardian. *See id.* at 665. The guardian did not file an answer to the petition, but instead filed a motion to dismiss the petition. After a hearing on the guardian's motion to dismiss, the district court entered judgment removing the guardian. *See id.* In doing so, the district court relied on various statements the guardian's attorney made in the course of pursuing the motion to dismiss. *See id.* at 666.

¶ 12 The supreme court reversed the judgment of the district court, determining that procedural error had occurred. *See id.* The court stated:

We know of no way in which a trial court can shortcut orderly procedure and change a motion to dismiss into a hearing on the merits.... Unless appellant had in some way waived his right to a hearing or had refused to further plead after the motion had been disposed of, he would be entitled to file an answer and be heard on the merits. We find nothing in the record which indicates any intention on the part of appellant to abandon his right to meet the serious charges leveled at him and while guardians are officers of the court, they are entitled to their day in court.

Since the matter was pending on a motion to dismiss, we view the judgment of removal as having been prematurely made. Under the existing state of the pleadings the only appropriate order that could have been entered was one denying the motion to dismiss and granting appellant a reasonable time to answer.

*Id.*

¶ 13 We see the State's position here to be analogous to the guardian's position in *Behm's Estate*: Colin filed a petition for relief; the State responded to the petition with a motion to dismiss rather than with an answer; and the district court held a hearing on the motion to dismiss, and then proceeded to grant Colin his requested relief based in part on statements made by the State at the hearing. As in *Behm's Estate*, the State did not waive its right to answer Colin's petition, nor did it refuse to file a pleading as it was never given the opportunity to do so after the motion to dismiss was denied. Because we see no meaningful distinction between *Behm's Estate* and the present case, we agree with the State that the district court's order granting relief to Colin was premature and that "the only appropriate order that could have been entered was one denying the motion to dismiss and granting [the State] a reasonable time to answer." *See id.*; *cf. Bekins Bar V Ranch v. Utah Farm Prod. Credit Ass'n*, 587 P.2d 151, 152 (Utah 1978) (stating that the record must clearly demonstrate that all parties have been given a reasonable opportunity to present information before a trial court may consider information outside the pleadings in ruling on a motion to dismiss); *Strand v. Associated Students of Univ. of Utah*, 561 P.2d 191, 193 (Utah 1977) ("It is error to consider a motion

to dismiss as a motion for summary judgment, without giving the adverse party an opportunity to present pertinent material.").

## CONCLUSION

¶ 14 The district court erred when it granted Colin's petition for post-conviction relief at the hearing on the State's motion to dismiss. Like any other litigant, the State is "entitled to [its] day in court." *See Behm's Estate,* 213 P.2d at 666. The district court's actions deprived the State of its right to substantively respond to the allegations and arguments contained in Colin's petition, and we reverse the order of the district court and remand this matter for further proceedings.

¶ 15 WE CONCUR: CAROLYN B. McHUGH and GREGORY K. ORME, Judges.