**Charles F. GILLMOR, Jr., Plaintiff and Appellant,**

v.

**Veigh CUMMINGS, Jeffrey K. Garlick, Janet E. Garlick, Peter Swaner, W. Allan Pelton, Timber Lakes Corporation, a Utah corporation, Valley Bank and Trust Company as trustee for the W. Allan Pelton Trust and for John Does 1 through 48, Defendants and Appellees.**

No. 890562–CA.

Court of Appeals of Utah.

Feb. 22, 1991.

D. Gilbert Athay (argued), Salt Lake City, for plaintiff and appellant.

Bruce A. Maak, Michael M. Later (argued), Salt Lake City, for defendants and respondents Garlick, Pelton & Valley Bank.

Lowell V. Summerhays, Murray, for defendants and respondents Timberlake. ·

Dennis M. Astill, Salt Lake City, for defendant and respondent Valley Bank.

Before BENCH, BILLINGS and GREENWOOD, JJ.

OPINION

GREENWOOD, Judge:

Appellant Charles F. Gillmor, Jr. (Gillmor) appeals the grant of summary judgment in favor of appellees Jeffrey K. and Janet E. Garlick (the Garlicks), and W. Allan Pelton and Valley Bank and Trust Company as trustee for the W. Allan Pelton Trust (Pelton). We conclude that the summary judgment was granted prematurely because Gillmor was not given adequate time to respond to appellees' motion to strike portions of his affidavit opposing summary judgment. Therefore, we reverse.

## BACKGROUND

This dispute involves neighboring parcels of land in Summit County. Old Ranch Road separates the land occupied by appellees Garlicks and Pelton, to the west, from that occupied by Gillmor, to the east. In October 1987, Gillmor filed a complaint alleging, in effect, that the record boundary of his property actually extends across Old Ranch Road, overlapping much of the property occupied by appellees. He sought relief under theories of unlawful detainer, trespass, and conversion, among others.

Appellees denied Gillmor's allegation, asserting that under the property descriptions in the relevant warranty deeds to all three parcels, Old Ranch Road forms the record boundary between their land and Gillmor's. Appellees also asserted that even if Gillmor's allegation about the property overlap is correct, they had become the owners of the disputed land through adverse possession. In November 1988, appellees moved for partial summary judgment on their adverse possession claim.

The summary judgment motion was accompanied by affidavits of the Garlicks and Pelton, as well as that of the Garlicks' grantor, establishing the elements of adverse possession; namely, continuous occupation of the land, with payment of all taxes thereon, for seven years. Utah Code Ann. §§ 78–12–12 and –12.1 (1987). Copies of property tax receipts for the land occupied by appellees, going back the requisite seven years from October 1987, were attached to the affidavits. Certified copies of Summit County tax plats were also submitted. The plats identify the land occupied by appellees by the same identification numbers shown on their tax receipts. The plats also show Old Ranch Road as the boundary between land taxed to appellees and that taxed to Gillmor.

Responding to the summary judgment motion, Gillmor alleged that in 1986, he had paid the taxes on the Pelton parcel before Pelton, and on the Garlick parcel before the Garlicks' grantor, thereby interrupting the necessary continuity of tax payments needed to establish adverse possession. *See Parsons v. Anderson*, 690 P.2d 535, 538 (Utah 1984). Gillmor submitted a copy of his 1986 property tax receipt, confirming the timing of his 1986 tax payment. However, Gillmor's tax receipt is not for taxes paid under appellees' tax identification numbers. Instead, it bears the identification number assigned to Gillmor on the tax plats, indicating that he is taxed only on land east of Old Ranch Road.

Gillmor also contested the continuous occupation element of the Garlicks' claim. He did this by stating in his affidavit that he had been unaware, prior to 1980, of fence rebuilding that the Garlicks' grantor had completed in November 1980. According to the affidavit of the Garlicks' grantor, no buildings appeared on the Garlick property until a barn was completed in November 1980; a home was completed and occupied in December 1981. Pelton, in his affidavit, stated that he had built a home on the land he occupies in 1976. Gillmor did not contest the continuous occupation element of Pelton's adverse possession claim.

The Garlicks and Pelton then filed a reply memorandum and a motion to strike five paragraphs of Gillmor's affidavit opposing summary judgment. Appellees argued that those paragraphs were not based on Gillmor's personal knowledge, and did not contain admissible evidence, as required by Rule 56(e), Utah Rules of Civil Procedure. The paragraphs included Gillmor's claim that he had paid taxes on the Garlick and Pelton property, and his claim that he had been unaware of fencing changes on the Garlick property before 1980. Appellees' reply memorandum and motion to strike were filed on January 12, 1989. On January 19, 1989, by minute entry, the trial court granted the motion to strike and granted summary judgment in appellees' favor. There was no hearing on either the motion for summary judgment or the motion to strike.

On January 25, 1989, Gillmor filed a "motion to reconsider" the summary judgment. The primary ground for the motion was Gillmor's assertion that "there is a genuine issue of fact as to where the Garlick and Pelton homes are located." However, Gill-

mor also noted that the court had not given him ten days to respond to appellees' motion to strike, as provided by Utah Code Jud.Admin. 4–501(1)(b). Gillmor filed a second affidavit with his motion to reconsider, modifying the stricken paragraphs of his first affidavit to claim personal knowledge of the facts alleged therein. In this affidavit, Gillmor also alleged, for the first time, that Old Ranch Road, identified in his original warranty deed as the boundary between his property and that of appellees, had been moved "at least twice" since the execution of that deed, most recently in 1978. Gillmor also filed an affidavit of his surveyor, James West. West stated that he had surveyed Gillmor's land in August 1987, and had determined that Gillmor's property overlapped with that occupied by appellees. A map of the Gillmor property, drawn from West's survey, was attached to West's affidavit.

The Garlicks and Pelton responded to Gillmor's motion to reconsider on February 7, 1989. In their response memorandum, appellees contested Gillmor's and West's assertions that Gillmor's property extended across Old Ranch Road, arguing that West's survey improperly relied on a metes and bounds description of Gillmor's property, instead of the warranty deed description in Gillmor's chain of title, describing the road as the boundary.

Under Utah Code Jud.Admin. 4–501(1)(c), Gillmor had five days, as the moving party, to file a reply to appellees' memorandum. The trial court did not wait five days, however, but denied Gillmor's motion to recon-

sider in a second minute entry, dated February 7, 1989 and mailed to the parties on February 9, 1989. The minute entry reflects that the court considered the memoranda submitted in connection with the motion to reconsider, but does not reveal whether the affidavits submitted by Gillmor with the motion to reconsider were considered for their possible impact on the summary judgment.

On February 10, Gillmor's response to appellees' reply memorandum was filed with the trial court. This response memorandum was timely under Utah Code Jud. Admin. 4–501(3). The memorandum was accompanied by a second affidavit by surveyor James West, claiming that, under the "metes and bounds description" of Gillmor's original warranty deed, West still concluded that Gillmor's property overlapped with that of appellees. Gillmor's response memorandum and the second West affidavit fell on deaf ears, however, the court having already denied the motion to reconsider. Final judgment on the summary judgment order was entered on March 22, 1989, and this appeal followed.

## ISSUES

Gillmor raises two issues on appeal. First, he contends that there is a genuine dispute as to the true location of the boundary between Gillmor's property and that of appellees.[1] His second contention is that there is a material dispute as to whether appellees satisfied the tax payment element for adverse possession of the property they now occupy.[2]

1. Gillmor correctly claims that there is a disputed issue of fact concerning the location of the record boundary between his property and that of appellees, as is reflected in his affidavit and those of the surveyor. This issue, however, is not material with respect to the question of whether appellees have satisfied the requirements for adverse possession, which was the sole ground for their summary judgment motion. Indeed, the summary judgment motion starts with the assumption that the Garlicks and Pelton do in fact occupy property to which Gillmor holds record title. The true location of the record boundary has no bearing on the adverse possession claim. However, in the event appellees' adverse possession defense fails, they must address Gillmor's boundary line claim.

2. Utah Code Ann. § 78–12–12 (1987) requires continuous occupation and payment of taxes on land adversely claimed:

In no case shall adverse possession be considered established under the provisions of any section of this code, unless it shall be shown that the land had been occupied and claimed for the period of seven years continuously, and that the party, his predecessors and grantors have paid all taxes which have been levied and assessed upon such land according to law.

Gillmor's memoranda and affidavits apparently dispute both the seven year continuous occupation and tax payment for the Garlicks and/or Pelton.

We reverse because of procedural error, and not on either issue Gillmor argues on appeal.[3] Therefore, we do not address the substantive issues Gillmor presents.

## ANALYSIS

### Procedural Error

Appellees' motion to strike parts of Gillmor's first affidavit was based on Utah R.Civ.P. 56(e). That rule provides that in a summary judgment motion, "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." The motion to strike was filed simultaneously with, but separately from, appellees' reply memorandum supporting their underlying summary judgment motion.

Because appellees' Rule 56(e) objection to Gillmor's first affidavit was framed as a separate, written motion to strike, Gillmor should have been given ten days to respond, as prescribed by Utah Code Jud.Admin. 4–501(1)(b). Additionally, because the motion was served on Gillmor by mail, Utah R.Civ.P. 6(e) entitled him to an additional three days. Therefore, because the motion to strike was served on January 12, 1989, Gillmor should have been given until January 25 to respond.

Gillmor could have responded to the motion to strike by supplementing his affidavit to meet Rule 56(e) standards. Utah R.Civ.P. 56(e) (court may permit party to summary judgment motion to supplement affidavits with depositions, answers to interrogatories, or further affidavits). Because summary judgment is appropriate only when it is clear that no disputed issues of material fact exist, we believe that Gillmor should have been allowed to respond to the motion in this fashion, and that the trial court should have considered such a

response, if timely received, before ruling on the motion to strike and the summary judgment motion. It was error, however, to rule on the motions on January 19, six days before Gillmor's time to respond to the motion to strike had expired.

Gillmor's motion to reconsider, and the affidavits filed with that motion, were filed on January 25, 1989. Under the combined operation of Utah Code Jud.Admin. 4–501(1)(b) and Utah R.Civ.P. 6(e), these materials would have been timely if they had been submitted as a response to appellees' motion to strike. Gillmor's motion to reconsider also directed the trial court's attention to the prematurity of the summary judgment under Rule 4–501(1)(b). At that point, the trial court should have corrected the procedural problem with its summary judgment ruling by reconsidering that ruling in light of Gillmor's January 25 affidavits. However, the record does not reveal whether the trial court denied the motion to reconsider upon study of Gillmor's January 25 affidavits or, in denying the motion to reconsider, disregarded those affidavits altogether.

Because the trial court granted summary judgment prematurely under the applicable procedural rules, and because nothing in the record indicates that the court corrected its procedural error when that error was called to its attention, the summary judgment is set aside. *See Graco Fishing & Rental Tools, Inc. v. Ironwood Exploration, Inc.*, 735 P.2d 62, 62–63 (Utah 1987); *K.O. v. Denison*, 748 P.2d 588, 591 (Utah Ct.App.1988). We reverse and remand to the trial court for proceedings consistent with this opinion. Each party shall pay his or its own costs.

BENCH and BILLINGS, JJ., concur.

---

3. Although Gillmor did not include procedural error as a basis for appeal in his brief, he did argue the issue before the trial court. We consider the procedural issue on appeal for practical reasons: we are unable to determine from the record before us what the court actually considered in granting the summary judgment

and denying the motion for reconsideration. This is similar to those cases where we remand for findings because we are unable to discern from the record how the court resolved material issues. *See Acton v. Deliran*, 737 P.2d 996, 999 (Utah 1987); *State v. Lovegren*, 798 P.2d 767, 770–71 (Utah Ct.App.1990).