**CROSSLAND SAVINGS, a federal savings bank, Plaintiff and Appellee,**

v.

**Gary HATCH, Defendant and Appellant.**

No. 930472.

Supreme Court of Utah.

July 1, 1994.

J. Randall Call, Thomas J. Erbin, Salt Lake City, for plaintiff.

Ralph C. Petty, Salt Lake City, for defendant.

ZIMMERMAN, Chief Justice:

Defendant Gary Hatch appeals from the district court's grant of summary judgment in favor of plaintiff Crossland Savings ("Crossland"). Hatch claims that the district court erred when it denied his motion for an extension of time to conduct discovery pursuant to rule 56(f) of the Utah Rules of Civil Procedure.[1] We affirm.

---

1. Rule 56(f) provides:

Should it appear from the affidavits of a party opposing the motion that he cannot for

Crossland brought suit against Hatch on March 19, 1993. In its complaint, Crossland claimed that Hatch had agreed to guarantee the repayment of a loan made by Crossland to Clearwater Properties, Ltd. ("Clearwater loan").[2] Crossland further alleged that Hatch had wrongfully refused to honor his guarantee agreement after Clearwater defaulted on the loan. Hatch answered Crossland's complaint on April 30th, denying that Crossland had any enforceable claim for payment under the guarantee agreement.

On July 28th, Crossland moved for summary judgment pursuant to rule 56 of the Utah Rules of Civil Procedure. In support of its summary judgment motion, Crossland attached the affidavits of Richard Swensen and J. Randall Call. Swensen, an asset manager at Crossland, attested to the fact that $170,869.73 was still due and owing on the Clearwater loan. Call, Crossland's counsel, attested to the reasonableness of the costs and attorney fees demanded in the complaint.

On August 6th, in response to Crossland's motion for summary judgment, Hatch filed a motion for an extension of time to undertake discovery ("rule 56(f) motion"), a memorandum of points and authorities, and his own affidavit.[3] In support of the rule 56(f) motion, Hatch argued that (i) he needed time to examine an "unexplained" inconsistency between the amount of the deficiency listed as outstanding in the complaint and the amount listed as outstanding in the summary judgment motion; (ii) Crossland was abusing the summary judgment process; (iii) he was entitled to conduct discovery to ascertain the accuracy of Crossland's figures; and (iv) Call's affidavit was insufficiently detailed. In addition, Hatch asserted that he had not yet undertaken any discovery in this case because he was pursuing Crossland in a separate bankruptcy proceeding. According to Hatch, the issues in the bankruptcy proceeding overlapped the issues in this action.

On August 13th, Crossland filed (i) a response to Hatch's rule 56(f) motion and (ii) a notice to submit the summary judgment motion for decision. In its response to the rule 56(f) motion, Crossland contended that Hatch had been dilatory in not seeking discovery and that the uncontroverted affidavits of Hall and Swensen established the loan balance and attorney fees with precision. In addition, Crossland informed the court that Hatch's bankruptcy action had been dismissed with prejudice on July 30th, seven days before Hatch filed his rule 56(f) motion, and that the bankruptcy court had imposed sanctions on Hatch and Hatch's counsel for filing a baseless complaint.

In a minute entry dated August 16th, the district court granted Crossland's motion for summary judgment and directed Crossland to submit an appropriate order and judgment. Crossland submitted the requested order and judgment on August 19th. On August 20th, Hatch submitted an objection to Crossland's proposed order of summary judgment, a reply memorandum in support of his rule 56(f) motion, and a request for decision on the rule 56(f) motion. Hatch argued that summary judgment was inappropriate because the court had not yet ruled on the rule 56(f) motion.

In a second minute entry, this one dated August 24th, the district court, after a review of all pertinent motions and memoranda, denied Hatch's rule 56(f) motion and his objection to the order of summary judgment. The district court signed the summary judgment order that same day. On September 10th, the district court signed an additional order, denying Hatch's rule 56(f) motion and overruling his objection to the order of summary judgment. Hatch appeals, claiming that the district court erred when it granted Crossland's summary judgment motion in the face of the rule 56(f) motion.

reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Utah R.Civ.P. 56(f).

2. Hatch was the sole general partner of the Clearwater partnership.

3. Hatch never filed a memorandum in opposition to Crossland's motion for summary judgment.

■ We first state the proper standard of review. "We have held that when a party timely presents an affidavit under rule 56(f) stating reasons why it is unable to proffer an evidentiary affidavit in opposition to its opponent's motion for summary judgment, the trial court's discretion is invoked." *United Park City Mines Co. v. Greater Park City Co.*, 870 P.2d 880, 893 (Utah 1993); *see also Cox v. Winters*, 678 P.2d 311, 312–13 (Utah 1984); *Jones v. Bountiful City Corp.*, 834 P.2d 556, 561 (Utah Ct.App.1992). Accordingly, we review a trial court's decision to grant or deny a rule 56(f) motion under the abuse of discretion standard. "Under this standard, we will not reverse unless the decision exceeds the limits of reasonability." *State v. Larsen*, 865 P.2d 1355, 1361 (Utah 1993) (citations omitted); *see also Crookston v. Fire Ins. Exch.*, 860 P.2d 937, 938 (Utah 1993).[4]

■ Rule 56(f) allows a party opposing a motion for summary judgment to file an affidavit stating reasons why the party is presently unable to submit evidentiary affidavits in opposition to the moving party's supporting affidavits. Utah R.Civ.P. 56(f). Our case law demonstrates that to provide an adequate opportunity for discovery, the trial court should liberally grant rule 56(f) motions. *Cox*, 678 P.2d at 312–13; *Strand v. Associated Students of Univ. of Utah*, 561 P.2d 191, 194 (Utah 1977). However, the trial court need not grant rule 56(f) motions that are dilatory or lacking in merit. *United Park City Mines*, 870 P.2d at 893; *Cox*, 678 P.2d at 312–13; *Strand*, 561 P.2d at 194; *see also Jones*, 834 P.2d at 561; *Sandy City v. Salt Lake County*, 794 P.2d 482, 488 (Utah Ct.App.1990).

■ We cannot conclude that the district court exceeded the bounds of its discretion when it denied Hatch's rule 56(f) motion. The district court could have concluded, in the exercise of its discretion, that Hatch's rule 56(f) motion was dilatory. We recognize that only four months elapsed between the filing of the complaint and the filing of summary judgment motion.[5] Nevertheless,

4. Relying on *Garrett v. City & County of San Francisco*, 818 F.2d 1515 (9th Cir.1987), Hatch argues that we should review de novo the district court's denial of his rule 56(f) motion. In *Garrett*, the plaintiff brought suit under Title VII of the Civil Rights Act of 1964. *Id.* at 1517. After the defendants moved for summary judgment, the plaintiff sought an extension of time to conduct discovery pursuant to rule 56(f) of the Federal Rules of Civil Procedure. *Id.* The court heard both motions on the same day and granted the defendants' summary judgment motion because there were no material issues of fact. *Id.* Having decided the defendants' dispositive motion, the district court denied the plaintiff's rule 56(f) motion as moot "without considering it on the merits." *Id.* at 1518. On appeal, the United States Court of Appeals for the Ninth Circuit found:

Clearly, a trial court's exercise of discretion will rarely be disturbed. This case, however, involves the failure of the trial court to exercise its discretion, not the abuse of it. Here, the court did not address the merits of [plaintiff's] motion to compel production ...; it merely denied the motion as "moot" after having disposed of the case.

*Id.* Accordingly, the Ninth Circuit held that "[b]ecause the district court did not exercise its discretion, the issue of whether or not it should have presents a legal question which is subject to de novo review." *Id.* at 1518 n. 3.

*Garrett* is clearly distinguishable from the case at hand. Unlike the trial court in *Garrett*, the district court here did address the merits of

Hatch's rule 56(f) motion. After the district court granted Crossland's summary judgment motion on August 16th, Hatch objected on the ground that the court had not yet ruled on his rule 56(f) motion. At that time, Hatch filed his final responsive memorandum and a request to submit the rule 56(f) motion for decision. In response to this request, and with all of the relevant motions and memoranda before it, the district court denied the rule 56(f) motion in a minute entry dated August 24th. The district court signed an order to the same effect on September 10th. Thus, unlike the district court in *Garrett*, the district court here did indeed exercise its discretion in denying the rule 56(f) motion. Accordingly, the proper standard of review is the abuse of discretion standard. *United Park City Mines Co. v. Greater Park City Co.*, 870 P.2d 880, 893 (Utah 1993).

5. We also recognize that from a procedural standpoint, the district court acted prematurely when it granted Crossland's summary judgment motion in the August 16th minute entry. Based on rule 4–501(1)(c) of the Code of Judicial Administration, Hatch had until August 20th to file a final reply memorandum in support of his rule 56(f) motion. Thus, the district court should not have ruled on the summary judgment motion until all of the responsive memoranda on the rule 56(f) motion were before it. Nevertheless, we conclude that Hatch was not prejudiced by this error. The district court corrected itself in the August 24th minute entry: it denied the rule

the courts in this state have never established a "bright line" rule for determining when a party has had sufficient time to initiate discovery. Instead, we have focused on the individual circumstances of each case. *See Strand*, 561 P.2d at 193–94; *see also Dybowski v. Ernest W. Hahn, Inc.*, 775 P.2d 445, 446 (Utah Ct.App.1989).

This case is. neither factually nor legally complex. The district court could have reasonably concluded that a diligent litigant should have completed the necessary discovery in this case within the four-month period. *See Dybowski*, 775 P.2d at 446. Hatch did not even attempt to initiate any discovery during that time, nor did he attempt to conduct any investigation or discovery after Crossland filed its summary judgment motion on July 28th, and no discovery request accompanied the filing of his rule 56(f) motion on August 6th. *See Price v. General Motors Corp.*, 931 F.2d 162, 164 (1st Cir. 1991). In light of the relative simplicity of this case and Hatch's previous apparent lack of interest in discovery, we cannot conclude that the district court exceeded the limits of reasonability when it concluded that Hatch's rule 56(f) motion was dilatory.

█ In an attempt to justify his lack of diligence, Hatch asserts that he was occupied with an action in the Utah Bankruptcy Court. In the affidavit in support of his rule 56(f) motion, Hatch averred:

> Affiant is presently pursuing Plaintiff in an action in the Bankruptcy Court and no action has been taken by either party since the answer to the Complaint was filed on April 30, 1993. There are issues in this action and the bankruptcy action which overlap. Defendant is currently preparing an appeal in the bankruptcy action.

The district court did not find this excuse compelling. The record indicates that the bankruptcy court dismissed Hatch's bankruptcy action with prejudice on July 30th,

seven days before Crossland filed its summary judgment motion. In so doing, the bankruptcy court held that "there was no basis for filing the complaints herein." The bankruptcy court went on to conclude that "the complaints were filed in violation of and that the imposition of sanctions pursuant to Fed.R.Bankr.P. 9011(a) was appropriate and required under the circumstances."[6] In light of these facts, we cannot conclude that the district court abused its discretion when it refused to find that the bankruptcy action excused Hatch's lack of diligence.

We also note that Hatch never made a vigorous effort to create an issue of material fact in this case. As the sole general partner of the Clearwater partnership, Hatch had unlimited access to information regarding the Clearwater loan. In addition, the trustee's deed, which is public record, sets forth the bid amount at the trustee's sale. In light of these facts, it appears that Hatch had sufficient information to create an issue of material fact if such an issue actually existed. Instead of filing an affidavit and creating such an issue, Hatch filed his rule 56(f) motion, squarely invoking the discretion of the district court. Under these circumstances, the district court could have reasonably concluded that Hatch filed his rule 56(f) motion in a calculated effort to delay the proceedings rather than out of legitimate need.

The judgment of the district court is affirmed.

STEWART, A.C.J., RUSSON and HOWE, JJ., and LESLIE A. LEWIS, District Court Judge, concur.

DURHAM, J., having disqualified herself, does not participate herein; LESLIE A. LEWIS, District Court Judge, sat.

---

56(f) motion and executed the summary judgment order only after it had all of the necessary motions and memoranda before it. *Cf. Gillmor v. Cummings*, 806 P.2d 1205, 1208 (Utah Ct.App. 1991) ("Because the trial court granted summary judgment prematurely under the applicable procedural rules, *and because nothing in the record indicates that the court corrected its procedural*

*error when that error was called to its attention,* the summary judgment is set aside." (emphasis added)).

6. Rule 9011(a) is the bankruptcy analog of rule 11 of the Federal Rules of Civil Procedure.