**2024 UT App 121**

# THE UTAH COURT OF APPEALS

R4 CONSTRUCTORS LLC,
Appellee,
*v.*
INBALANCE YOGA CORPORATION AND JENNIFER SCHNABEL,
Appellants.

Opinion
No. 20220735-CA
Filed August 29, 2024

Fourth District Court, Provo Department
The Honorable Christine S. Johnson
No. 170401436

Justin D. Heideman and Justin R. Elswick,
Attorneys for Appellants

Cody W. Wilson and Andrew L. Berne,
Attorneys for Appellee

JUDGE DAVID N. MORTENSEN authored this Opinion, in which
JUDGES MICHELE M. CHRISTIANSEN FORSTER and RYAN M. HARRIS
concurred.

MORTENSEN, Judge:

¶1     In an earlier appeal of this case between R4 Constructors
LLC (R4) and InBalance Yoga Corporation and its owner Jennifer
Schnabel (collectively, InBalance), this court reviewed a number
of the district court's rulings, including rulings on cross-motions
for summary judgment. We affirmed much of the court's analysis,
yet on the question of the cross-motions for summary judgment,
we concluded that the court had erred. But we did not reverse.
Instead, we vacated those rulings, noting that recovery by R4
would turn on whether certain common-law exceptions to a
nonrecovery statute applied. And because the applicability of the

common-law exceptions had not been tackled by the district court, we remanded the case for the narrow purpose of addressing this issue.

¶2     On remand, the district court did just that and concluded that two common-law exceptions to licensure applied as a matter of law under the facts that the court determined to be undisputed. Therefore, the district court granted summary judgment again. InBalance appeals, and we vacate the summary judgment grant and remand the case for further proceedings.

BACKGROUND

¶3     As stated, we are visiting this case for the second time. *See R4 Constructors LLC v. InBalance Yoga Corp.*, 2020 UT App 169, 480 P.3d 1075. This dispute stems from InBalance contracting with R4 to build a yoga studio. Sometime after construction began, disputes arose regarding the work, and InBalance refused to pay. Upon completion of the studio, R4 sued over the missing payments. InBalance responded with an answer and counterclaims. R4 filed summary judgment motions on both R4's claims and InBalance's counterclaims. InBalance also filed a motion for summary judgment regarding R4's claims, asserting that the claims were statutorily barred due to R4's lack of a contractor's license at the time of entering the contract and that none of the common-law exceptions to that statutory bar applied here. *See* Utah Code § 58-55-604 ("A contractor . . . may not . . . commence or maintain any action in any court of the state for collection of compensation for performing any act for which a license is required by this chapter without alleging and proving that the licensed contractor . . . was appropriately licensed when the contract sued upon was entered into, and when the alleged cause of action arose."); *A.K. & R. Whipple Plumbing & Heating v. Aspen Constr.*, 1999 UT App 87, ¶¶ 16–20, 977 P.2d 518 (discussing the common-law exceptions). Following a grant of summary

judgment in R4's favor, InBalance appealed. A fuller recitation of the facts can be found in the opinion from the first appeal. *See R4 Constructors*, 2020 UT App 169, ¶¶ 2–5.

¶4 In the first appeal, we vacated "the district court's judgment denying InBalance's cross-motion for summary judgment and granting judgment to R4 on its affirmative claims." *Id.* ¶ 25. We vacated instead of reversing the judgment because InBalance could be entitled to the relief it sought "if the court on remand determine[d] as a matter of law that no common law exception to the nonrecovery provision applie[d]." *Id.* The parties had briefed the issue in their original summary judgment motions leading to the first appeal, but the district court had not addressed it; thus, we remanded the issue "for the district court to consider the remaining arguments raised in InBalance's motion regarding R4's ability to recover as an unlicensed claimant." *Id.* We explicitly stated that the "vacatur of the district court's judgment in favor of R4 [was] a narrow one." *Id.* ¶ 25 n.4. "We vacate[d] the court's order only inasmuch as it permitted R4 to recover without R4 either satisfying the requirements of section 58-55-604 or meeting an exception thereto." *Id.*

¶5 On remand, R4 filed a new motion for summary judgment addressing the issue of licensure, asserting that under facts it claimed were undisputed, some of the common-law exceptions to the statutory nonrecovery provision applied here. InBalance filed a memorandum in opposition and, in the alternative, moved to allow additional discovery. *See* Utah R. Civ. P. 56(d). The district court granted R4's motion and denied InBalance's request for additional discovery. InBalance appeals for a second time.

ISSUES AND STANDARDS OF REVIEW

¶6 InBalance raises three issues on appeal. First, InBalance argues that the district court erred by allowing R4 to rely on the

common-law exceptions to licensure in its motion for summary judgment even though R4 had "never previously raised or relied" on them as "an avoidance, affirmative defense or otherwise until after the close of fact discovery." Second, InBalance argues that the district court erred by determining that InBalance had admitted key material facts supporting R4's argument in its motion that an exception to licensure applied. We review InBalance's first two issues for correctness as they concern "the district court's ultimate grant or denial of summary judgment." *Far West Bank v. Robertson*, 2017 UT App 213, ¶ 15, 406 P.3d 1134 (cleaned up). "We give no deference to the district court's legal conclusions and consider whether the court correctly decided that no genuine issue of material fact existed." *Id.* (cleaned up).

¶7    Third, InBalance argues that the district court erred by denying its rule 56(d) request, *see* Utah R. Civ. P. 56(d), to conduct additional discovery. "We review the denial of a request for further discovery for abuse of discretion." *Deeter v. Deeter* (*In re Estate of Deeter*), 2020 UT App 65, ¶ 10, 465 P.3d 1164.


ANALYSIS

¶8    We circle back to the narrow issue we remanded—the applicability of any exceptions to the nonrecovery provision. Section 58-55-604 of the Utah Code states that a contractor may not seek "collection of compensation" in court for any work that requires a license if, at the time the contractor entered into the contract, the contractor was not licensed. R4 was not licensed at the time it entered into the contract with InBalance. However, as we already explained in the first appeal, "our understanding of [this] provision is informed by certain exceptions to nonrecovery that arose under the common law," and "when an exception applies, the nonrecovery provision does not bar the claim." *R4 Constructors LLC v. InBalance Yoga Corp.*, 2020 UT App 169, ¶ 20,

480 P.3d 1075 (cleaned up). Our court laid out four exceptions in *A.K. & R. Whipple Plumbing & Heating v. Aspen Construction*, 1999 UT App 87, 977 P.2d 518:

> First, unlicensed contractors have been allowed to recover when the party for whom the work is to be done possesses skill or expertise in the field. . . .

> Second, an unlicensed contractor may recover if the work it performed was supervised by a licensed contractor. . . .

> Third, if the reason a contractor fails to obtain proper licensure is minor and does not undermine its ability to perform its work, the unlicensed contractor may recover. . . .

> Finally, courts have considered whether the contracting party relied on the subcontractor's representations that he was properly licensed and whether the subcontractor has posted a performance bond.

*Id.* ¶¶ 17–20. For simplicity, we refer to these common-law exceptions as the *Whipple* exceptions.

## I. Summary Judgment

¶9 InBalance argues that the district court erred in granting R4's motion for summary judgment because (1) R4 untimely raised and relied on the *Whipple* exceptions and (2) the court relied on disputed factual allegations. We address each argument in turn.

A.     Reliance on the *Whipple* Exceptions

¶10     InBalance contends that the district court erred by allowing R4 to "raise and rely on the defenses to licensure as set forth in [*Whipple*] even though [R4] had never previously raised or relied on the *Whipple* exceptions as an avoidance, affirmative defense or otherwise until *after* the close of fact discovery." InBalance argues that the *Whipple* exceptions are an avoidance under rule 8(c) of the Utah Rules of Civil Procedure and "should have been raised during the pleading stage of the litigation."

¶11     We addressed a related issue in this case's first appeal. In the initial litigation, the district court denied InBalance's cross-motion for summary judgment based on R4's lack of licensure because the district court determined that the argument was an affirmative defense that InBalance waived when it did not raise lack of licensure in answer to R4's complaint. *R4 Constructors*, 2020 UT App 169, ¶ 14. As a matter of first impression in Utah, we determined that licensure is part of the cause of action and, as such, "objection to lack of an opposing party's license" falls under "failure to state a claim upon which relief can be granted." *Id.* ¶¶ 22–24 (cleaned up). We cited rule 12(h) of the Utah Rules of Civil Procedure, *see id.* ¶ 24, which allows the defense of failure to state a claim upon which relief can be granted to "be made by a later pleading, if one is permitted, or by motion for judgment on the pleadings or at the trial on the merits." Utah R. Civ. P. 12(h). We explicitly stated that lack of licensure was not an affirmative defense that falls under rule 8(c). *R4 Constructors*, 2020 UT App 169, ¶ 24. And we remanded the matter for the narrow purpose of allowing the district court to determine whether any of the *Whipple* exceptions apply. *Id.* ¶ 25.

¶12     An avoidance, which InBalance now contends the *Whipple* exceptions constitute, also falls under rule 8(c). The rule states, "A party must set forth affirmatively in a responsive pleading . . . any . . . matter constituting an avoidance or affirmative defense." Utah

R. Civ. P. 8(c). While rule 8(c) "does not define or explain what constitutes an avoidance or an affirmative defense," *Prince v. Bear River Mutual Ins. Co.*, 2002 UT 68, ¶ 31, 56 P.3d 524, we know that they are functionally similar, if not synonymous, *compare Jones, Waldo, Holbrook & McDonough v. Dawson*, 923 P.2d 1366, 1374 (Utah 1996) ("A rule 8(c) affirmative defense . . . raises [a] matter outside the plaintiff's prima facie case." (cleaned up)), *with Creekview Apartments ex rel. Hedman Invs., Inc. v. State Farm Ins. Co.*, 771 P.2d 693, 695 (Utah Ct. App. 1989) (explaining that a "defense independent of the allegations in the pleadings . . . constitutes an avoidance"). As stated, we already determined that InBalance had not waived the right to claim lack of licensure as a bar to recovery because it failed to plead that as an affirmative defense in its answer to R4's complaint. We held that the issue of licensure is not controlled by rule 8(c), *see R4 Constructors*, 2020 UT App 169, ¶ 24, and, as such, could be raised in a later pleading, in a dispositive motion, or at trial.

¶13    In the context of the present appeal, where the issue is whether R4 waived its right to rely on the *Whipple* exceptions to the statutory bar by not raising the exceptions in either its complaint or in its reply to InBalance's counterclaim, we similarly decide that rule 8(c) does not apply. First and foremost, rule 8(c) has no application to what litigants have to plead in their own affirmative complaint for relief; instead, it sets requirements for things that have to be pled in *responsive* pleadings (such as answers to complaints or replies to counterclaims). Thus, R4 could not, by definition, have violated rule 8(c) by failing to plead something in its own affirmative complaint. Second, R4's own licensure is an issue that has nothing to do with InBalance's counterclaim asserting that R4 performed substandard work; rather, it is an issue that is connected to R4's ability to recover from InBalance the cost of services rendered and material provided. Indeed, the *Whipple* exceptions are not an affirmative defense or avoidance to anything InBalance was asserting, simply

because they apply only in the context of an unlicensed contractor-plaintiff seeking "collection of compensation" in court for work completed that required a license. *See* Utah Code § 58-55-604. Thus, R4 would have had no reason to raise the *Whipple* exceptions as a defense in a reply to InBalance's counterclaim.

¶14    Further, even if R4 did have a pleading obligation with regard to its license status, *see* Utah R. Civ. P. 8(a), R4 satisfied those "liberal" requirements, *Berg v. Berg*, 2012 UT App 142, ¶ 10, 278 P.3d 1071 (cleaned up), when it pled, in its complaint, that it was a Utah LLC "licensed and duly authorized to conduct business in the State of Utah." Timing-wise, we also note that it was InBalance, not R4, that introduced the lack of licensure argument, including the *Whipple* exceptions, to this litigation ahead of the first appeal. InBalance made this argument in its favor as part of its summary judgment motion without ever claiming that the *Whipple* exceptions couldn't be considered by the court due to a defect in the pleadings. For all of these reasons, we reject InBalance's argument and determine that consideration of R4's arguments regarding the *Whipple* exceptions is appropriate in this case at this stage in the litigation.

B.    Merits of the Summary Judgment Motion

¶15    InBalance argues that the district court incorrectly granted summary judgment because the court reached its conclusion by "determining [InBalance] admitted 'key facts.'" The court's order concluded that "at least the first *Whipple* exception" applied by relying on "key facts" it determined that InBalance "admitted" in its response to R4's summary judgment motion. Those facts and InBalance's responses are as follows:

> 18. Ms. Schnabel testified that she acted as her own general contractor in building two of her own homes, and that she built two additional homes in Spanish Fork in the 2008 time frame.

*Response: Admitted. However, regardless of any prior experience, [InBalance] specifically hired [R4] to be the "General Contractor" for the construction work.*

19. Ms. Schnabel was in control of the schedule and quality of the job.

*Response: Admitted that Ms. Schnabel was in charge of the "schedule." Denied that the "quality" of the job was Ms. Schnabel's sole obligation. Article 5 of the Contractor Agreement specifically requires that [R4] perform in a "workmanlike manner," in "compliance with all building codes," and in accordance with [Schnabel's] expectations, applicable laws and industry standards.*

On appeal, R4 also directs us to facts 16 and 17. InBalance argues that because the district court did not rely on these two additional facts to reach its decision, they are not relevant on appeal. However, we give a district court's grant of summary judgment no deference. *Far West Bank v. Robertson*, 2017 UT App 213, ¶ 15, 406 P.3d 1134. As such, our only question on appeal is whether summary judgment was properly granted. Accordingly, we are free to consider the entirety of the record, including facts 16 and 17. Those facts and responses are as follows:

16. The contract required Ms. Schnabel to perform her own supervision of the jobsite.

*Response: Admitted. However, "supervision" does not obviate [R4's] contractual obligations concerning its licensure status, obtaining an appropriate bond or other professional duties imposed by statute. Furthermore, Article 5 of the Contractor Agreement requires that [R4's] work should meet the "Owner's expectations," and comply with building codes, applicable laws and be performed in accordance with industry standards. There are previously recognized disputed material facts whether*

> [*R4*] *complied with these contractual obligations. Further discovery is required to ascertain* [*the owner of R4's (and an associated contractor's)*] *understanding of their duties and obligations vis-à-vis Jennifer Schnabel—particularly since the first Whipple exception applies "when the party for whom the work is to be done possesses skill or expertise in the field."*

> 17. R4 contracted to have Ms. Schnabel perform her own supervision because she represented to [R4's owner] that she had construction experience, and she wanted to cut costs as much as possible.

> *Response: Denied. Pursuant to Utah R. Civ. P. 56(d)* [*InBalance*] *requires additional discovery to adequately respond to this allegation. In particular,* [*InBalance*] *needs to query* [*the owner of R4*] *as to the specifics of this alleged "representation" and his understanding of his own duties under the Contractor Agreement.*

We give no deference to the court's legal conclusions on summary judgment, but even if we assume that the district court correctly construed InBalance's responses as admissions, we must reverse for the reasons identified below.

¶16    InBalance argues that after determining that the facts were undisputed, the court failed to draw all reasonable inferences from those facts in InBalance's favor as the non-moving party. To support this argument, InBalance quotes our supreme court in *USA Power, LLC v. PacifiCorp*, 2010 UT 31, 235 P.3d 749, which explained, "Even if the moving party's objective statement of the facts are agreed upon, reasonable inferences made from those undisputed facts can indeed create a genuine issue of material fact. That the objective facts are undisputed does not mean that no genuine issues remain as to those facts." *Id.* ¶ 33. InBalance contends that the district court "ignored the qualifications that

[InBalance] gave with respect to [its] admission to [fact 18]" that Schnabel "had acted as her own contractor on personal homes," arguing that this admission does not lead to the inference that Schnabel "'possessed skill or expertise in the field' sufficient to establish the first *Whipple* exception." InBalance makes a similar argument in regard to fact 19, that Schnabel oversaw the construction schedule, which, as InBalance argues it, does not lead to the inference that Schnabel had the appropriate skill or expertise in the field. As we explain below, we agree with InBalance that summary judgment is not appropriate here.

¶17   The first *Whipple* exception excuses an unlicensed contractor from complying with the licensing requirement if "the party for whom the work is to be done possesses skill or expertise in the field." *A.K. & R. Whipple Plumbing & Heating v. Aspen Constr.*, 1999 UT App 87, ¶ 17, 977 P.2d 518. Utah courts have not yet determined what constitutes "skill or expertise in the field." Precedent establishes, however, that "a litigant is not a member of the class the legislature intended to protect if the required protection is in fact afforded by another means." *Pacific Chromalox Div. v. Irey*, 787 P.2d 1319, 1326 (Utah Ct. App. 1990) (cleaned up); *accord Govert Copier Painting v. Van Leeuwen*, 801 P.2d 163, 170 (Utah Ct. App. 1990). A sufficient other means of protection has included possessing a license "in the same trade or profession as the unlicensed practitioner." *Pacific Chromalox*, 787 P.2d at 1326; *accord Govert*, 801 P.2d at 170. The Utah Supreme Court has also held that where an individual is licensed in one field and that field "necessarily includes some practices or activities which are common" to another field, that individual is not required to obtain a license in the other field unless mandated by statute. *Smith v. American Packing & Provision Co.*, 130 P.2d 951, 955, 958 (Utah 1942) (determining that a licensed engineer did not go outside of his field when his job required him to accomplish tasks common to the field of architecture). Furthermore, caselaw explains that litigants "usurp[ing] the general contractor's

prerogatives in constructing" a building and relying "on their own competence," even if they do not have their own license in the field, can be a contributing factor in determining that a contractor's licensing status does not preclude recovery. *Lignell v. Berg*, 593 P.2d 800, 805 (Utah 1979) (determining that an unlicensed general contractor could still recover where it "had inadvertently permitted its license to lapse" and owners relied on their own competence).

¶18 Here, the record is clear that Schnabel possessed *some* skills or expertise in the field given that, under the contract, Schnabel performed her own supervision of R4's work because she represented to R4 that "she had construction experience." Schnabel also controlled the schedule and quality of R4's work but shared that responsibility with R4. Furthermore, Schnabel testified that she had previously acted as her own general contractor over the building of two of her own homes, as well as two additional homes. On this record, a factual predicate exists on which a factfinder could potentially conclude that the first *Whipple* exception applies. However, making all reasonable inferences in favor of InBalance, a factual question still remains as to whether Schnabel possessed *sufficient* skills or expertise in the field to provide her with the protection section 58-55-604 otherwise affords individuals against unlicensed contractors. A correctly instructed jury may very well conclude that Schnabel's experience as a general contractor over the construction of four homes gave her the necessary "skills or expertise in the field" for the construction of the yoga studio. But a jury could just as reasonably decide that Schnabel's work as a general contractor on a small number of residential homes would not provide her with the type of skills or expertise needed to manage unlicensed contractors on a commercial project. Because the facts and reasonable inferences under the first *Whipple* exception do not clearly compel one result, summary judgment is inappropriate on that basis. *See Medina v. Jeff Dumas Concrete Constr. LLC*, 2020 UT App 166, ¶ 20, 479 P.3d

1116 ("In determining whether a genuine issue of material fact exists, we ask whether reasonable jurors, properly instructed, would be able to come to only one conclusion, or if they might come to different conclusions, thereby making summary judgment inappropriate." (cleaned up)). Myriad cases in Utah hold that where reasonable minds could differ on the conclusions to be reached on undisputed facts, summary judgment is not proper. *See, e.g.*, *Penunuri v. Sundance Partners, Ltd.*, 2017 UT 54, ¶ 35, 423 P.3d 1150; *Jones v. Farmers Ins. Exch.*, 2012 UT 52, ¶ 8, 286 P.3d 301; *Clegg v. Wasatch County*, 2010 UT 5, ¶ 15, 227 P.3d 1243; *Nassi v. Hatsis*, 2023 UT App 9, ¶ 29, 525 P.3d 117.

¶19    R4, meanwhile, urges this court to affirm summary judgment on an alternative ground by concluding that the third *Whipple* exception applies as a matter of law. This exception allows an unlicensed contractor to recover if the reason for the lack of licensure is "minor and does not undermine [the contractor's] ability to perform its work." *Whipple Plumbing*, 1999 UT App 87, ¶ 19. In granting R4's motion for summary judgment, the district court concluded,

> To the extent it is needed, the third *Whipple* exception potentially applies. InBalance admitted the statement that "R4 had not yet received its license because of an outstanding tax debt owed [by the owner of R4]." This admission establishes the reason R4 failed to receive proper licensure was minor and does not undermine its ability to perform the work. InBalance has failed to establish a genuine issue of material fact related to this third *Whipple* exception.

We first note that the district court did not rule explicitly that the third exception applied as a matter of law but only that it "potentially" applied. The court was quoting the entirety of fact 22 as asserted in R4's statement of facts in its motion for summary

judgment. InBalance's response to this statement of fact was as follows:

> *Admitted. This is an admission that R4 was not licensed as a general contractor at the time it entered into the Contractor Agreement (contrary to the representation that it was duly licensed and in compliance with applicable law).*

Though InBalance admitted this fact, that admission remains silent—or at least materially ambiguous—as to the extent of R4's tax debt, the reason for its accrual, or how and why it prevented R4 from obtaining a license. Without these and other questions answered, it is impossible to determine whether a reasonable jury must conclude that the lack of licensure was "minor" and did not "undermine" R4's ability to complete the contracted work. *Id.* The evidentiary picture is simply insufficient to establish that the third exception applies. We therefore cannot affirm on this alternative basis.[1] Thus, we address this issue further in the following section with respect to InBalance's rule 56(d) request.

---

1. This result is consistent with our reading of *Govert Copier Painting v. Van Leeuwen*, 801 P.2d 163 (Utah Ct. App. 1990). There, this court held, before and similar to *Whipple*, that common-law exceptions applied to a nonrecovery statute. The court stated, "Whether [a] particular exception to the statutory bar . . . applies must first be decided by the district court when it has the critical facts before it and has access to the properly focused arguments of counsel." *Govert*, 801 P.2d at 170. We read this to mean, consistent with general principles, that sufficient facts must be presented to the district court, whether on summary judgment or through the presentation of evidence, to show applicability of any common-law exception. Indeed, the *Govert* court reversed expressly because facts were in dispute. *Id.* at 171.

## II. Rule 56(d) Request

¶20    InBalance relatedly argues that the district court erred by denying its rule 56(d) request to conduct additional discovery. As previously highlighted, in its opposition to the alleged facts in R4's motion for summary judgment, InBalance pointed to a number of facts it argued "required additional discovery related to [R4's] claim that it qualified for one or more of the *Whipple* exceptions." Because the standard of review for the denial of a rule 56(d) request is abuse of discretion, "we will not reverse unless the court's decision exceeds the limits of reasonability." *Heslop v. Bear River Mutual Ins. Co.*, 2017 UT 5, ¶ 16, 390 P.3d 314 (cleaned up).[2] In *Crossland Savings v. Hatch*, 877 P.2d 1241 (Utah 1994), our supreme court upheld a district court's denial of a rule 56(d) request. *Id.* at 1244. The supreme court reasoned that the party "had sufficient information to create an issue of material fact if such an issue actually existed." *Id.* But "[i]nstead of filing an affidavit and creating such an issue," the party filed a rule 56(d) motion, an action "squarely invoking the discretion of the district court." *Id.* Because the party had "unlimited access" to the requested information, the supreme court concluded that the district court reasonably denied the request. *Id.*

¶21    Here, we similarly determine that it was reasonable for the district court to deny InBalance's request as to information

---

2. Prior to a 2015 amendment, requests for additional discovery were made under rule 56(f) rather than rule 56(d). *See Heslop v. Bear River Mutual Ins. Co.*, 2017 UT 5, ¶ 11 n.2, 390 P.3d 314. "The objective of the 2015 amendments [was] to adopt the style of Federal Rule of Civil Procedure 56 without changing the substantive Utah law." Utah R. Civ. P. 56 advisory committee's note to 2015 amendment. Thus, any cases we cite that reference rule 56(f) are just as applicable to rule 56(d). We also change any reference to rule 56(f) to rule 56(d) in our citations to avoid perpetuating confusion.

regarding the first *Whipple* exception because InBalance had "sufficient information to create an issue of material fact if such an issue actually existed" as to any skills or expertise in the field Schnabel did or did not possess. *Id.* The district court reasonably concluded that Schnabel, a named defendant, "could have provided a declaration to her attorneys objecting to the allegations that she was supervising or that she was qualified to supervise the work," yet InBalance chose not to submit or seek that information. Thus, the district court did not abuse its discretion and properly denied InBalance's rule 56(d) request in that regard.

¶22    However, as to the third *Whipple* exception, the district court should have granted the motion in order to allow InBalance to discover the reason for R4's lack of licensure, particularly the truthfulness of and details concerning the owner of R4's alleged tax debt. Unlike information concerning the sufficiency of Schnabel's skills and expertise in construction, InBalance had no access to R4's records or any other information to confirm or deny the accuracy of R4's claim that the delay in obtaining licensure was due to a "minor" tax debt as opposed to some other reason. And R4 has pointed to no reason InBalance would have had during discovery to investigate this issue. Nor does the district court's ruling identify any such reason. The issue only arose in the context of dispositive motions. Therefore, the district court exceeded its discretion and should have granted the rule 56(d) request in this regard.

CONCLUSION

¶23    The district court erred by granting R4's motion for summary judgment, and it exceeded its discretion in denying the entirety of InBalance's rule 56(d) request as to the third *Whipple* factor. We therefore vacate the grant of summary judgment and

remand this matter for further proceedings consistent with this opinion.[3]

––––––––––

3. Following the district court's grant of summary judgment, the court awarded R4 its attorney fees pursuant to the contract language and Utah statute. *See* Utah Code § 78B-5-826 ("A court may award costs and attorney fees to either party that prevails in a civil action based upon any . . . written contract . . . [when the contract allows] at least one party to recover attorney fees."). Because we have vacated the grant of summary judgment, the grant of attorney fees to R4 is also vacated. InBalance has requested attorney fees on appeal, but an award of fees to either party is improper at this juncture in the litigation because a party "is not a prevailing party until after a determination on the merits is made by either a jury or a trial court judge." *Cache County v. Beus*, 2005 UT App 503, ¶ 14, 128 P.3d 63 (cleaned up).